JOHN H. CALLAGHAN *vs.* D. W. WHITMARSH & another.

Bristol.    Oct. 26. — Nov. 23, 1887.    C. ALLEN & KNOWLTON, JJ.,
                                 absent.

The service upon the creditor's attorney of the original notice of the desire of a
    person arrested on execution to take the oath for the relief of poor debtors is,
    so far as the rights of the creditor are concerned, a sufficient compliance with
    the requirement of the Pub. Sts. *c.* 162, § 32, that such notice shall be served by
    giving to the creditor, his agent or attorney, "an attested copy thereof.".

CONTRACT, against D. W. Whitmarsh and Alvin C. Brownell,
upon a poor debtor's recognizance, entered into on September 3,
1886, under the Pub. Sts. *c.* 162, § 28, by the first-named de-
fendant as principal, and the other defendant as surety, and
containing the usual conditions.    The case was submitted to
the Superior Court, and, after judgment for the plaintiff, to
this court, on appeal, upon agreed facts, the material parts of
which appear in the opinion.

*L. E. White*, for the defendant surety.

*F. V. Fuller*, for the plaintiff.

FIELD, J.    It appears by the agreed statement of facts that
"the only alleged breach of the recognizance whereby the plain-
tiff seeks to recover is the fact that the notice required to be
given by the Pub. Sts. *c.* 162, § 32, to the judgment creditor,"
was served by the officer's giving in hand to the creditor's at-
torney the original notice, instead of an attested copy.    At the
argument, it was contended, among other things, that the sub-
sequent proceedings before the magistrate were void, because
he could not have had before him the notice, with the officer's
return of service upon it.    The record of the magistrate is not
before us, and it is consistent with the agreed statement of facts
that the officer served the original notice, and made his return
to the magistrate upon an attested copy.    We are not required
to determine the validity of these subsequent proceedings.

In *Young* v. *Capen*, 7 Met. 287, it was held that reading a
notice to a creditor was "not a compliance with the statute,
literal or substantial," which required that the notice be served
by delivering an attested copy, and it was said that "the service

required by the statute is manifestly-more beneficial and useful than reading."

It is manifest that delivering the original notice is as beneficial and useful to the creditor as delivering an attested copy. The argument is, that there must be a literal compliance with the statute, and that the statute requires service by an attested copy. That errors in the terms of the notice which have no tendency to mislead the creditor do not make it insufficient, if properly served, has been often decided. *Calnan* v. *Toomey*, 129 Mass. 451.

In *Wilbur* v. *Ripley*, 124 Mass. 468, the court reversed a judgment entered upon default in a writ of entry, because an attachment of the defendant's property had been made, and the service of the writ was by leaving an attested copy, and not by leaving an original summons. The statutes then in force provided that, " when goods or estates are attached, . . . . there shall be a separate summons, to be served on the defendant after the attachment, and the service thereof shall be a sufficient service of the original summons." Gen. Sts. *c.* 123, § 11. This separate summons was required to be served by delivering it to the defendant, or by leaving it for him; but an original summons without an attachment was required to be served by reading it to the defendant, or by delivering to him an attested copy, or by leaving such copy for him. § 23. A separate summons informs the defendant that his goods or estate have been attached to an amount expressed in the summons, while the writ contains only a command to attach them. St. 1784, *c.* 28, § 1. The two are not literally or substantially duplicates or copies one of the other.

In the case at bar, the service of the notice was not the commencement of the proceedings. The defendant Whitmarsh had been arrested upon execution, and, desiring to take the oath for the relief of poor debtors, but not desiring a time fixed for his examination, had entered into a recognizance with Brownell, the other defendant, as surety, before a magistrate, pursuant to the Pub. Sts. *c.* 162, § 28. The notice given was for the purpose of informing the creditor that Whitmarsh desired to take the oath at a certain time and place expressed in the notice. This notice must be in writing, and signed by the magistrate in his official

capacity. § 31. The contents of the original and of the copy are the same. The statute intended that the creditor should have a notice in writing, in order to insure the certainty which a writing gives; but whether the officer should deliver the original, and return a copy, or the reverse, is a matter of statutory regulation, made for the purpose of directing the manner in which the notice should be served. So far as the rights of the creditor are concerned, we think that the service in this case was a substantial compliance with the statute, and that a literal compliance was unnecessary. See *Eaton* v. *Miner*, 5 N. H. 542.

*Judgment for the defendants.*