## STATE *vs.* HONORA CONWAY.

PROVIDENCE—NOVEMBER 5, 1897.

PRESENT: Matteson, C. J., Stiness, and Tillinghast, JJ.

The statute providing that a previous conviction or sentence of a witness for any crime or misdemeanor may be shown, to affect his credibility, does not author-ize the introduction in evidence of an indictment to which the witness had pleaded *nolo contendere.*

One may be sentenced on a plea of *nolo contendere* as well as on a conviction ; but, while for this purpose it has the same effect as a conviction, or a plea of guilty, yet as to other proceedings it does not have the same effect.

When an indictment has been *nol prossed* the effect is to put the defendant with-out day ; and the indictment has then no force or validity for any purpose unless fresh process be awarded thereon.

There is no law authorizing a sentence, or any legal substitute therefor, by con-sent of parties, without the imposition thereof by the court.

The custom of compromising or settling certain criminal cases, upon the payment of a sum of money to the State by the defendant, is vicious, and has the entire disapproval of the court.

PETITION for new trial of an indictment.

PER CURIAM. The petition for new trial in this case is based upon certain alleged errors of the Common Pleas Divis-ion, in admitting testimony relating to an indictment against the defendant, which had been previously found, and to which the defendant had entered a plea of *nolo contendere.* At the trial of the case the attorney-general was permitted to ask the following questions, against the objection of defendant's counsel, viz.: "This was not your first offence, was it ?" . . . . . . "Are you the Honora Conway who plead *nolo conten-dere* to an indictment for nuisance on the 16th of October,

1893, and who afterwards paid $100 and costs ? " The court ruled, in effect, that the evidence was competent, for the purpose of affecting the credibility of the defendant, and that her plea of *nolo contendere* amounted to a conviction, upon which the court might have imposed sentence. Although this evidence was allowed to go to the jury, the attorney-general failed to offer the indictment in question in evidence ; and, in view of this fact, and for the purpose of having 'it appear as a part of the record in the case, the defendant afterwards offered the indictment in evidence, saying at the time, "My point is, I want it to appear on the record for this reason : Your Honor has allowed that testimony against my objection. This indictment was *nol prossed*, and I want it to show. That is not evidence against this witness." An exception was taken by the defendant to the rulings aforesaid.

We think the evidence objected to was inadmissible. Gen. Laws R. I. cap. 244, § 40, is as follows: "No person shall be deemed an incompetent witness because of his conviction of any crime, or sentence to imprisonment therefor ; but shall be admitted to testify like any other witness, except 'that conviction or sentence for any crime or misdemeanor may be shown to affect his credibility."

The evidence shows that the defendant had neither been convicted nor sentenced under the indictment referred to, and, therefore, the attorney-general had no right to attempt to discredit her by any reference thereto. It is true, as said by the court, that a person may be sentenced on a plea of *nolo contendere*, as well as on a conviction ; Whart. Crim. Pl. & Pr. § 418; but, while for this purpose it has the same effect as a conviction, or a plea of guilty, yet as to the other proceedings it does not have the same effect. As said by Shaw, C. J., in *Com.* v. *Tilton*, 8 Met. 232, "This plea, like a demurrer, admits, for the purposes of the case, all the facts which are well stated, but it is not to be used as an admission elsewhere." See also *Com.* v. *Horton*, 9 Pick. 206.

Hawkins states the matter thus : "An implied confession where a defendant, in a case not capital, doth not directly

own himself guilty, but in a manner admits it by yielding to the king's mercy, and desiring to submit to a small fine; in which case, if the court think fit to accept of such submission, and make an entry that the defendant *posuit se in gratiam regis*, without putting him to a direct confession, or plea (which in such cases seems to be left to discretion), the defendant shall not be estopped to plead not guilty to an action for the same fact, as he shall be where the entry is *quod cognovit indictamentum.* Perhaps the only difference between this plea, where it is received, and the plea of guilty, is, that while the latter is a solemn confession which may bind the defendant in other proceedings, the former is held to be a confession only for the purposes of the particular case." 1 Bish. Crim. Procedure, § 802; *Buck* v. *Commonwealth*, 107 Pa. St. 486.

Another reason why the evidence aforesaid should not have been admitted is that the indictment had been *nol prossed* by the attorney-general, upon the payment of the sum of $100 to the State, the effect of which was to put the defendant without day; and, therefore, said indictment was no longer of any force or validity for any purpose, unless fresh process be awarded thereon. See 8 Mod. 261; 1 Salk. 59; 4 Com. Dig. (Indictment) K; 16 Am. & Eng. Ency. L. 709–14; *Com.* v. *Northampton*, 2 Mass. 116.

If it be argued that a conviction is to be implied from the payment by the defendant of the sum of $100 and costs on the indictment, as a condition of the entering of *nolle prosequi* thereon, which the record in that case shows to have been the fact, we reply that, so far as we are aware, there is no authority of law to warrant the attorney-general in making such a settlement. If the defendant was guilty of the offence of keeping a nuisance, the only punishment that could legally have been inflicted upon her is that prescribed in Gen. Laws R. I. cap. 92. Under § 2 of that chapter the minimum penalty is a fine of $100 *and* imprisonment for thirty days. Under § 7 the minimum penalty is six months' imprisonment in the State workhouse. As the punishment inflicted, therefore, was by way of compromise, and without statutory au-

thority, it cannot be treated as a sentence of the defendant. We are aware that the custom has obtained, to a considerable extent, for the attorney-general to compromise or settle this class of cases, as well as cases arising under the liquor law, upon the payment of a certain sum of money to the State by the defendant; but the practice is a vicious one, and meets with our entire disapproval. There is no law authorizing a sentence or any legal substitute therefor by consent of parties, without the imposition thereof by the court.

Petition for new trial granted.

*Willard B. Tanner, Attorney-General,* and *Charles F. Stearns, Assistant Attorney-General,* for the State.

*Franklin P. Owen,* for defendant.