Teslovich et ux. v. Fireman's F. Ins. Company, Appellant.

Argued April 20, 1933.

Before Trexler, P. J., Keller, Cunningham, Baldrige, Stadtfeld, Parker and James, JJ.

*H. Russell Stahlman*, for appellant.—The plea of nolo contendere must be accompanied by a protestation of innocence in order not to be available in a civil

suit. Com. ex rel., District Attorney v. Jackson and Burlingame, 248 Pa. 530.

*D. M. Anderson,* for appellees.

OPINION BY CUNNINGHAM, J., October 2, 1933:

On February 6, 1931, the defendant insurance company issued its policy indemnifying plaintiffs, the owners by entireties of their home in Donora, Washington County, against loss and damage by fire to an amount not exceeding $5,000 upon the house and $550 upon their furniture.

During the term of the policy a fire occurred resulting in damage to the building and contents to the extent of $804.27, of which the proportionate share of defendant, if liable, would be $402.13.

In August, 1931, plaintiffs were jointly indicted upon two counts—arson and burning personal property with intent to defraud the defendant company. At the trial upon this indictment a nol. pros. was entered as to the wife; the husband withdrew his plea of "not guilty" and the court accepted from him a plea of nolo contendere, upon which he was sentenced to pay the costs and was then paroled for a period of two years.

The action out of which this appeal arose was a civil suit upon the policy, instituted October 26, 1931, to recover from defendant its proportionate share of the loss; the defense interposed was that "the fire resulting in the loss was caused by the fraudulent act or acts, procurement or procurements of the plaintiffs or either of them, for the purpose of defrauding the defendant company."

At the trial counsel for defendant offered in evidence the record of the criminal trial, from which it appeared, inter alia, that one of the plaintiffs, George Teslovich, had entered a plea of nolo contendere to an indictment charging him with having feloniously set

fire to the property insured. The objection of counsel for the plaintiffs was sustained by the learned trial judge, BROWNSON, P. J., upon the ground that the record thus offered was not competent evidence in the trial of the civil action.

The verdict was in favor of plaintiffs for the amount of their claim; defendant's motion for a new trial was dismissed and it has appealed from the judgment entered on the verdict.

Under the single assignment of error and the statement of the question involved, our sole inquiry upon this appeal is whether the record of the criminal trial should have been admitted as an admission of guilt upon the part of one of the plaintiffs.

Our investigation and consideration of the question has convinced us that the comprehensive and scholarly opinion written by the trial judge, in support of the action of the court below in refusing a new trial, amounts to a demonstration of the correctness of the challenged ruling.

We, therefore, approve and adopt the following excerpts from that opinion:

"In sustaining the objection and rejecting the offer, the trial judge was following the rule stated by RICE, P. J., in Com. v. Ferguson, 44 Pa. Superior Ct. 626, 628, viz.: 'A plea of nolo contendere, when accepted by the court, is, in its effect upon the case, equivalent to a plea of guilty. It is an implied confession of guilt only, and cannot be used against the defendant as an admission in any civil suit for the same act.' "

After considering the contention of counsel for defendant that the statement just quoted was an obiter dictum, because the question there involved was whether the plea authorized the imposition of a sentence, and after discussing the case of Consolidated Ice Mfg. Co. v. Medford, 18 Dist. Rep. 293, in which a dictum to the contrary may be found, the opinion

states that the dictum of this court is in accordance with the general current of authority upon the subject, and continues:

"We have not discovered any other Pennsylvania case in which there was raised for adjudication the specific question under consideration; but the cases in the Supreme Court reports are, so far as they go, in harmony with Commonwealth v. Ferguson. In Buck v. Commonwealth, 107 Pa. 486, that court said, quoting from Wharton's Crim. Law, §533, that this plea 'has the same effect as a plea of guilty so far as concerns the proceedings upon the indictment,' and that a sentence pronounced upon that plea therefore amounts to a conviction. In accord with this are Com. v. Holstine, 132 Pa. 357, and Com. ex rel. v. Jackson, 248 Pa. 530, the latter holding that such a sentence is a conviction within the meaning of a statute providing that conviction of a misdemeanor in office shall be followed by a forfeiture of the office. Com. v. Shrope, 264 Pa. 246, decides only that this plea is not allowable in a capital case, and contains nothing inconsistent with the statement that it is an admission only for the purposes of the indictment.

"The authority that is to be found on the subject, outside of Pennsylvania, is principally in statements made by text writers, and in dicta of courts quoting or repeating, and approving, such statements. Discussions of the subject all go back to, and find the origin of this plea in, a practice described in 2 Hawkins, Pleas of the Crown, Ch. 31, §3. That practice was, as he states it, that a defendant, in a case not capital, without directly owning himself guilty, would 'in a manner admit it by yielding to the King's mercy, and desiring to submit to a small fine,' and if the court thought fit to accept such submission, it would make an entry on the record 'that the defendant *posuit se in gratiam regis,* without putting him to a

direct confession or plea;' and in such case 'the defendant shall not be estopped to plead not guilty to an action for the same fact, as he shall be where the entry is *cognovit indictamentum.*' This submission Hawkins characterizes as 'an implied confession.' 'In modern practice,' says Mr. Justice STONE in Hudson v. U. S., 272 U. S. 451, 455, this procedure 'has been transformed into the formal plea of nolo contendere. Like the implied confession, this plea does not create an estoppel, but like the plea of guilty, it is an admission of guilt for the purposes of the case.' For a more full and detailed history of the origin and development of the modern rules governing the use of this plea, reference may be made to the opinions in the Hudson case, just cited, and in Tucker v. U. S., 196 Fed. 260, and to the copious annotations which accompany the reports of those cases in 71 Lawyers' Ed. 347, and 41 L. R. A., N. S., 70, respectively. It seems to have been the practice at one time in England that this plea should be accepted only where a fine was to be imposed; but it has been held in Hudson v. U. S., supra, in our own case of Com. v. Ferguson, supra, and in some cases in other states, that the plea will authorize and support a sentence to imprisonment.

"So far as we have been able to ascertain, all of the authorities that have spoken of the matter (aside from Consol. Ice Mfg. Co. v. Medford, supra, cited to us by the present defendant) treat the plea of nolo contendere as being an implied admission made solely and exclusively for the purposes of the indictment, and as having no further operation or effect: See 16 Corp. Jur. 404, §739; 2 Whart. Cr. Proc., §1346; 2 Whart. Cr. Ev., §577; 1 Whart. Cr. Ev., §783; 2 Bishop Cr. Proc., §802; State v. Conway, 20 R. I. 270, 38 Atl. 656; Com. v. Ingersall, 145 Mass. 341, 14 N. E. 449; White v. Creamer, 175 Mass. 567, 56 N. E. 832, 833; State ex rel. Peacock v. Judges of Quarter Ses-

sions, 46 N. J. L. 112; State v. Henson, 66 N. J. L. 601, 50 Atl. 468; Hudson v. U. S., 272 U. S. 451, 455; Honaker v. Howe, 19 Gratt. (Va.) 50; its effect being that, like a demurrer, it admits, for the purposes of the case, all facts well pleaded in the indictment; Note to Tucker v. U. S. in 41 L. R. A. N. S. at page 71; 16 Corp. Jur. 404, §739; Com. v. Tilton, 8 Metc. 233; State v. O'Brien, 18 R. I. 105, 25 Atl. 910; State v. Conway, supra; White v. Creamer, supra; Honaker v. Howe, supra. And it has been specifically laid down that it cannot be used as evidence against the defendant in a civil suit to show that he did the act charged against him in the criminal case: Henry's Trial Ev., §65; Note to Tucker v. U. S. in 41 L. R. A. N. S. at page 73; State v. Conway, supra; State v. Henson, supra; White v. Creamer, supra. And see State ex rel. v. Judges, supra. In White v. Creamer the very point to be determined was whether a plea of nolo contendere accepted by the court, upon which judgment had been entered, was admissible in a civil proceeding to show the fact of guilt, and what the court said was no mere dictum, but an actual decision of the question. So in Honaker v. Howe, supra, the court, after giving the history of the plea of nolo contendere, and citing authorities to show that it is held inadmissible, in a civil action for the same act, as evidence of the commission of that act by the defendant, ruled that the principles laid down by those authorities is applicable to the form of procedure which the Virginia practice had adopted as a substitute for the entry of this plea, and reversed the trial court for admitting in evidence, in a civil action to recover damages for the same act, the record of such a procedure. And in Guild v. Lee, 3 Bost. Law R. 433, which was an action for an assault and battery, it was held by Shaw, C. J., that the plaintiff could not give in evidence the proceedings on an indictment for the same assault, to which

the defendant had pleaded nolo contendere, the Chief Justice saying: 'I have no doubt on the subject whatever. The plea was nolo contendere, and the proceedings are not competent evidence in a civil suit for the same assault. One object of this plea is to prevent the proceedings being used in any other place.' The same doctrine was laid down in Birchard v. Booth, 4 Wisc. 67, although in that case the court held that the plea amounted to one of guilty and therefore was admissible.

"Although the great majority of the citations which we have made are of dicta of text writers and judges, and we have not found many instances of actual decisions upon the question in civil actions, it appears that the consensus of professional and judicial opinion so strongly supports the view expressed by RICE, P. J., in the case first above cited, to the effect that the plea of nolo contendere amounts only to an implied confession, and is the equivalent of a plea of guilty, 'in its effect upon the case,' and 'cannot be used against the defendant in any civil suit for the same act,' that in our opinion we should follow that statement, notwithstanding its character as an obiter dictum."

Nothing can profitably be added to what has been thus fully and clearly expressed by the president judge of the court below. A new trial was properly refused.

Judgment affirmed.