Mineo *v.* The Eureka Security Fire & Marine Insurance Co., Appellant.

Argued March 5, 1956. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and CARR, JJ.

*John W. Bour*, with him *Carlon M. O'Malley*, for appellants.

*Eugent Nogi*, with him *Alex Marcus and Everett A. Rosser*, for appellee.

OPINION BY WOODSIDE, J., October 3, 1956:

We are faced here with the question of whether this Court should permit recovery from insurance com-

panies for a fire loss, when this Court has already held that the insureds were properly convicted of procuring the burning of the property for which recovery is sought.

Joseph S. Tomaino and Thomas Preno were proprietors of a restaurant in Scranton which was destroyed by fire on October 17, 1948. The proprietors were convicted of criminally setting the fire and sentenced to the penitentiary. Their conviction was sustained by this Court in *Com. v. Tomaino,* 168 Pa. Superior Ct. 505, 79 A. 2d 274 (1951).

Shortly before the fire, Tomaino and Preno purchased four fire insurance policies covering their restaurant. After they were arrested for causing the fire, they assigned their right, title and interest in and to these policies to Tom Mineo who had previously lent them money and had taken a chattel mortgage on the furnishings and fixtures of the restaurant. Thomas Mineo then brought suit against the four insurance companies to recover for the damage caused by the fire.

The insurance companies denied liability on the ground that the insureds had aided, counseled and procured the burning of the property and by reason of such fraudulent acts the policies were null and void.

At the trial the record of the insureds' conviction was admitted into evidence. Other evidence concerning their guilt was produced by the defendants, and the trial judge properly charged that if the insureds intentionally set the fire the plaintiff could not recover. The jury, however, returned a verdict against all of the defendants in the total amount of $3000.

The defendants then moved for a new trial on the ground that the verdict was against the weight of the evidence and for judgment non obstante veredicto on the ground that the conviction of the insureds was a bar to recovery under the policies. The court below

dismissed both motions and directed judgments to be entered on the verdicts. Each of the four defendants appealed to this Court.

The assignee in an assignment of a fire insurance policy made subsequent to a fire stands in the identical position of the insured and his rights cannot rise above the rights of the insured. *State Mutual Fire Insurance Company v. Roberts*, 31 Pa. 438 (1858); *Wilson to use v. Mutual Fire Insurance Co. of Montgomery County*, 174 Pa. 554, 34 A. 122 (1896). Thus the legal question is whether an insured can recover for the damage caused by a fire he was convicted of criminally setting.

That the verdict was against the weight of the evidence is clear.

Although, ordinarily, the appellate courts will not reverse the court below for refusal to grant a new trial on the ground that the verdict was against the weight of the evidence, *Barbano v. Barbano*, 142 Pa. Superior Ct. 371, 16 A. 2d 649 (1940), nevertheless, they have never abdicated their reviewing function in such cases, and where it appears that the jury's verdict was so contrary to the evidence as to shock one's sense of justice, a new trial will be granted. *Londrino v. Equitable Life Assurance Society*, 377 Pa. 543, 544, 545, 105 A. 2d 333 (1954).

"A new trial should not be granted because of a mere conflict in testimony or because the trial judge on the same facts would have arrived at a different conclusion." *Carroll v. Pittsburgh*, 363 Pa. 436, 445, 84 A. 2d 505 (1951). Here, however, there was convincing evidence that the insureds were guilty of criminally setting the fire and creating the loss for which they seek to recover. No evidence at all was produced by the plaintiff in whose favor the verdict was rendered to show that the insureds were not guilty of criminally

causing the loss for which recovery is sought. The insureds, who were present at the trial, were not even called to deny that they were responsible for the loss. Where there is no conflicting evidence, and especially where no evidence at all is produced by the party in whose favor the verdict is rendered, the trial judge should not permit a capricious verdict to stand against uncontradicted testimony of witnesses whose veracity there is no apparent reason to doubt unless such testimony is in itself inherently incredible or contradictory. *Elia v. Olszewski*, 368 Pa. 578, 579, 84 A. 2d 188 (1951).

The evidence submitted in this case concerning the fire was substantially the same as that which this Court held sufficient to establish beyond a reasonable doubt that the insureds were guilty of arson. The testimony was produced by disinterested persons whose credibility there is no reason to question.

The evidence was outlined in detail by Judge GUN-THER in *Com. v. Tomaino*, supra, and since a review of the evidence here would be but a repetition of what was written there, we shall not recount it in detail. It is sufficient to point out that the evidence established that there were four or five separate and unconnected fires at the same time in the insureds' kitchen of the restaurant; that gasoline soaked rags were found near the parts of the floor burned by these fires; that a hole had been out in a partition and rags soaked in gasoline placed in it; that although Tomaino stated to officers after the fire that he left the restaurant and arrived home about 1:30 A.M. and remained there until after the fire at 4 A.M., he was seen driving his automobile toward the restaurant about two or three blocks away at 2:30 A.M.; that the insureds were in extreme financial difficulties owing six months rent of $1800, $10,-500 to banks, $1200 for groceries, $900 to a Mr. De-Fazio and $7000 to the plaintiff; that although within

a month of the fire they had authorized the sale of the restaurant, *including the liquor license* for $16,500, they were carrying $26,000 insurance on the property, purchased from different agents within three months of the fire.

*There is no denial or contradiction of any of these facts.* The verdict was capriciously rendered against uncontradicted testimony of credible witnesses. Aside from the evidence of the insureds' conviction, the other evidence of the insureds' guilt was overwhelming— enough to establish the fact beyond a reasonable doubt; much more than necessary to establish the fact by a mere preponderance of evidence.

Now add to the testimony of the numerous witnesses for the defendants, the record of the insureds' convictions which the court admitted into evidence and there is a much stronger case for the defendants.

In the charge to the jury the trial judge referred to the record of the convictions as persuasive evidence of the fact that the insureds were criminally responsible for the fire but not conclusive evidence of that fact. In the opinion of the court below the evidence of the convictions is referred to as "prima facie but not conclusive evidence" of the insureds' criminal responsibility for the fire. "Prima facie evidence" is sometimes used as equivalent to the notion of a presumption, putting upon the opponent the duty of producing evidence, and is sometimes used to represent the stage in a case where the proponent having the duty to produce some evidence in order to pass the judge to the jury has fulfilled that duty, satisfied the judge and may properly claim that the jury be allowed to consider his case. Wigmore on Evidence (3rd Edition), Vol. IX, Sec. 2494. If "prima facie evidence" would be used in the former sense by the court below then judgment non obstante veredicto should have been entered, as the

plaintiff produced *no* evidence to overcome a presumption of the insureds' guilt. If used in the latter sense—if the evidence of the conviction alone was sufficient to permit the jury to find for the defendant—it emphasizes the degree of overwhelming uncontradicted evidence of the criminal responsibility of the insureds. At least a new trial should have been granted on the ground the verdict was against the weight of the evidence.

The common law principle that a person will not be permitted to benefit by his own wrong, particularly by his own crime, prevents the insured from recovering on insurance policies for loss caused by his crime. *Greifer's Estate,* 333 Pa 278, 279, 5 A. 2d 118 (1939); *Robinson v. Metropolitan Life Insurance Company,* 69 Pa. Superior Ct. 274 (1918); *Burt v. Union Central Life Insurance Company,* 187 U. S. 362, 23 S. Ct. 139, 47 L. Ed. 216 (1902). This principle is generally accepted by the courts, but there is disagreement among the jurisdictions concerning the evidence necessary in a civil action to establish the fact of the insured's criminal responsibility for the damage, and whether the conviction is a bar to bringing the action.

The question is what use can be made in a civil action of the insureds' conviction of arson? Is the criminal conviction a bar to the civil action as contended by the defendants, or is it inadmissible in the civil action for any purpose as contended by the plaintiff, or is it admissible as prima facie but not conclusive evidence of guilt as held by the court below?

Judgments in criminal cases have generally been held inadmissible to establish the facts of a civil case. *Estate of Edward D. Gartner,* 94 Pa. Superior Ct. 45, 48 (1928); *Com. v. Moran,* 251 Pa. 477, 483, 96 A. 1089 (1915). This rule, however, is subject to numerous exceptions and the tendency of recent court decisions is away from it.

Judgments of acquittal or nolle prosequi in criminal actions are of course not admissible as evidence of the fact that the plaintiff in a civil action did *not* criminally cause the loss. *Bobereski, Adm. v. Insurance Company of Pa.*, 105 Pa. Superior Ct. 585, 592, 161 A. 412 (1932). All that such disposition of a criminal case establishes is that the evidence was insufficient to convict beyond a reasonable doubt,—a quantum of evidence greater than that required to establish a fact in a civil case.

In a civil action to recover damages for an assault and battery, the record of the defendant's conviction in a criminal court of the assault and battery against the prosecutor is not admissible in Pennsylvania. *Nowak v. Orange,* 349 Pa. 217, 36 A. 2d 781 (1944); *Zubrod v. Kuhn,* 357 Pa. 200, 204, 53 A. 2d 604 (1947). It is to be noted that in these cases it was the criminal record of the defendant and not of the plaintiff which was offered in the civil action. See also *Winner v. Greenleaf,* 161 Pa. Superior Ct. 428, 55 A. 2d 582 (1947) and *Wingrove v. Central Pennsylvania Traction Co.,* 237 Pa. 549, 85 A. 850 (1912).

In *Teslovich v. Firemen's F. Insurance Company,* 110 Pa. Superior Ct. 245, 168 A. 354 (1933), evidence that an insured pleaded nolle contendere was held inadmissible in a civil suit to show that he did the act charged against him in the criminal case. This opinion turned, however, on the plea of nolle contendere and the fact that a distinguishing characteristic of the plea was that it could not be used in a subsequent civil action.

It has been held in Pennsylvania that a wife who was convicted of murdering her husband cannot obtain benefits under a trust created by him for her benefit. And it is stated that a murderer cannot take as beneficiary under a policy of insurance if he is con-

victed of murdering the insured. It would seem that the insurer could avoid liability by merely showing the defendant's conviction. *Greifer's Estate,* supra. Neither can there be recovery for the death of an insured where he was executed after proper conviction of murder in the first degree. These rules are established as a matter of public policy. *Collins v. Metropolitan Life Insurance Company,* 27 Pa. Superior Ct. 353 (1905).

The tendency is to abandon any general rule of exclusion applicable to all criminal judgments, and to approach the problem from the point of view of the particular judgment of conviction, so that the rule as to the admissibility of a beneficiary's conviction for the murder of the insured in an action on an insurance policy may differ from that as to the conviction for a traffic violation in a negligence action, or the conviction of a defendant for assault and battery in a civil action.

We think the lower court committed no error in admitting into evidence the criminal record of the insureds' conviction of setting the fire which caused the damage for which recovery is sought.

We, however, are of the opinion that the conviction of the insureds is a bar to recovery, and that judgment non obstante veredicto should be granted. This precise question has never been decided in Pennsylvania, although *Greifer's Estate,* supra, seems to support our conclusion, while *Teslovich v. Firemen's F. Insurance Co.,* supra, seems contra.

We recognize that our holding is contrary to the more generally accepted rule throughout the country. See 50 C.J.S. Judgments sec. 743(b). We believe, however, that reason can lead to no other conclusion and that we should not ignore it in order to follow a rule for which we can find no convincing logic.

The Supreme Court of Virginia in *Eagle, Star & British Dominions Ins. Co. v. Heller,* 140 S. E. 314, 323 (1927), in holding that the willful burning of property by the insured in violation of the criminal law was an absolute bar to recover, stated as follows: "To permit a recovery under a policy of fire insurance by one who has been convicted of burning the property insured, would be to disregard the contract, be illogical, would discredit the administration of justice, defy public policy and shock the most unenlightened conscience. To sustain such a judgment would be to encourage and give support to the current thoughtless and carping criticisms of legal procedure, and to justify the gibe that the administration of the law is only remaining legalized lottery.

"Our conclusion, then, under the facts of this case, is that the court erred in refusing to admit evidence of the conviction; that, when admitted, the precise finding of fact, that the accused was criminally responsible for the fire, unquestionably incendiary, which destroyed his goods, is conclusive upon the plaintiff, Heller; that this judgment of a court of competent jurisdiction was a determination of that particular and decisive fact as against him; that this judgment cannot be attacked except upon the ground of fraud, perjury, collusion, or some other such ground of invalidity; and that when so admitted in evidence there could have been but one proper verdict, and that a verdict for the defendant."

This rule is founded upon the public interest which requires that the laws against crime be enforced, and that courts aid no man in any effort he may make to benefit from his own violation of them. The rule is enforced upon the ground of public policy alone and not out of consideration for the defendant to whom the advantage is incidental. *Collins v. Metropolitan Life Insurance Co.,* supra.

This case does not present a question which in our opinion can properly be disposed of by the application of some technical rule of evidence, such as a ruling that the first conviction is hearsay when admitted in the civil action. It is a question which turns upon the principle of estoppel. It is a matter of public policy. It is a matter of recognizing a judgment of a court.

Whether the insureds set the fire or not is a question of fact which has been established beyond a reasonable doubt in a court proceedings. Once this fact has been established, and the Commonwealth, in whose hands rests the maintenance of public policy, has satisfied itself of the fact, why then should it permit its courts to be used by the insured in an effort to obtain reward for the crime which the Commonwealth has already concluded he has committed?

We have here the anomalous situation of the insureds being fined and imprisoned by the Commonwealth for an offense which, through the aid of the Commonwealth, they are now receiving reward for having committed. There are undoubtedly inconsistencies in the administration of law which cannot always be avoided and some inconsistencies which would be better to endure than to accept the available alternatives, but in a case such as this were this Court, after holding the insureds guilty of setting the fire, now to approve a verdict for the recovery of the damage caused by that fire we would create an inconsistency which would cause disrespect for our courts and legal processes.

The insureds have had their day in court with the opportunity to produce their witnesses, to examine and cross examine witnesses and to appeal from the judgment and to be acquitted unless the evidence established their guilt beyond a reasonable doubt.

To now permit them to recover for the loss which they have been convicted of fraudulently causing would

be against public policy. It would tend to destroy the confidence of the public in the efficiency of the courts; it would stir up litigation that would reopen tried issues; it would impress the public with the belief that the results of trials of the gravest nature were so uncertain that the innocent could not escape condemnation; and it would convince the public that the courts themselves have no confidence in the judicial processes.

We are of the opinion that when one is convicted of a felony and subsequently attempts to benefit from the commission, the record of his guilt should be a bar to his recovery.

Judgments reversed and motions of the defendants for judgments non obstante veredicto are granted.