## Loughner, Appellant, v. Schmelzer.

284

Argued March 21, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Norman D. Jaffe,* with him *Galbreath, Braham, Gregg, Kirkpatrick & Jaffe,* for appellants.

*Lee C. McCandless,* with him *McCandless & McCandless,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, April 19, 1966:

The sole question in this case is a narrow one. In an action of trespass for damages resulting from a collision of two automobiles is it a reversible error to admit, over plaintiffs' objection, evidence that the plaintiff was convicted before the Quarter Sessions Court of a violation of The Vehicle Code, Act of April 29, 1959, P. L. 58, §1004, 75 P.S. §1004, namely, failure to drive on the right half of the highway?* We hold that evidence of the conviction of a traffic violation or of small misdemeanors is not admissible in a civil suit for dam-

_____

* The penalty is $10 fine and costs.

ages arising out of the same traffic violation or lesser misdemeanors.

Plaintiffs, who are husband and wife, brought this action in trespass against defendant for damages arising out of the collision of plaintiffs' and defendant's automobiles. Each party alleged that the other was driving on the wrong side of the road. The jury returned a verdict for defendant and plaintiffs' motion for a new trial was dismissed. After judgment was entered on the verdict, plaintiffs thereupon appealed, alleging that the admission, over their objection, of evidence of a summary conviction of a violation of The Vehicle Code was reversible error. The decision of the lower Court must be reversed.

In *Hurtt v. Stirone,* 416 Pa. 493, 206 A. 2d 624, the Court aptly said (page 499) : ". . . we recognize a valid existing distinction in cases involving the record of conviction of relatively minor matters such as traffic violations, lesser misdemeanors, and matters of like import. Especially in traffic violations, expediency and convenience, rather than guilt, often control the defendant's 'trial technique'. . . . Compare also the effect given in Pennsylvania to a plea of nolo contendere : Teslovich v. Fireman's Fund Ins. Co., 110 Pa. Superior Ct. 245, 168 A. 354 (1933). The policy shifts with regard to major criminal convictions such as the one presented."

We have held that an important distinction exists between traffic violations and lesser misdemeanors on the one hand and felonies and their consequences on the other hand. The law with respect to the latter class of cases may be found in *Pennsylvania Turnpike Commission v. U. S. Fidelity & Guaranty Co.,* 412 Pa. 222, 194 A. 2d 423; *Kravitz Estate,* 418 Pa. 319, 211 A. 2d 443; *Commonwealth v. Evans,* 399 Pa. 387, 160 A. 2d 407; *Greifer's Estate,* 333 Pa. 278, 5 A. 2d 118; *Mineo v. Eureka Security Fire & Marine Insurance Co.,*

182 Pa. Superior Ct. 75, 125 A. 2d 612; and *Hurtt v. Stirone,* 416 Pa. 493, supra.

Our conclusion is strengthened by The Vehicle Code, §1211, supra, which prohibits the introduction in future civil actions of pleas of guilty and pleas of nolo contendere, or payment of fines in summary conviction cases.* We see no valid distinction between a guilty plea and a verdict of guilty in summary conviction cases. In short, we hold that the evidence of plaintiff's conviction of a violation of The Vehicle Code was inadmissible in this civil action.

Judgment reversed and new trial granted.

CONCURRING OPINION BY MR. JUSTICE COHEN:

I disagree with the majority's reasoning and interpretation of §1211 of The Vehicle Code. Prior to the adoption of §1211 pleas of guilty or nolo contendere, or payment of fine were admissible in subsequent civil actions as admissions against interest. Section 1211 changed the law so as to proscribe their admissibility in subsequent civil actions, thus placing those pleas and admissions under the general rule that evidence of a conviction of a criminal offense may not be used in a civil suit.

That was the law before *Hurtt v. Stirone,* 416 Pa. 493, 206 A. 2d 624 (1965). The attempt to establish exceptions to the *Hurtt v. Stirone* determination for "relatively minor matters such as traffic violations, lesser misdemeanors, and matters of like import" is so indefinite that it will generate considerable litigation.

I would adhere to the general rule of evidence that would prevent the admission of a conviction of a criminal offense in subsequent civil actions; but if I were to depart from that rule, I would require more certain

---

* With certain exceptions not here present.

standards than those which have been expressed in *Hurtt v. Stirone.*

I concur in the result.