568 A.2d 171

**Rodolfo FOLINO and Lidia Folino, Appellees,**

v.

**Howard J. YOUNG, Jr., Judith N. Agsten and Kendall Stitzel, Appellants.**

Supreme Court of Pennsylvania.

Argued Jan. 18, 1989.

Decided Jan. 4, 1990.

David M. Kozloff, Wyomissing, for appellants.

John R. Badal, Reading, for appellees.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS, and STOUT, JJ.

534

OPINION

McDERMOTT, Justice.*

In the early afternoon hours of December 15, 1980, the appellant, Howard Young, was operating a vehicle in a southerly direction on U.S. Route 22, in Maidencreek Township, Berks County. As he entered a left-hand curve, his vehicle crossed over into the right-hand northbound lane and thus collided with appellee's, north-bound vehicle. A passenger in Mr. Young's automobile died in the collision. Mr. Young was subsequently charged and found guilty, by a jury, of driving at an unsafe speed[1] and homicide by vehicle.[2]

Appellees later instituted a civil action, by way of complaint, against appellant Young, Judith N. Agsten and Kendall Stitzel in which they alleged that Young was traveling too fast for weather conditions and that Agsten and Stitzel, the owners of the vehicle, negligently entrusted their car to Young. Appellant Young filed a *Motion in Limine* to exclude any evidence of his Motor Vehicle Code Violation convictions. The trial court granted the motion.

At the conclusion of the civil trial the jury found that Young was not negligent and accordingly entered judgment in his favor.[3] Appellees, in turn, filed a motion for post-trial relief, which was denied. They then appealed to the Superior Court, which reversed the judgment of the trial court and remanded for a new trial directing the entry of a verdict for appellees on the issue of Young's negligence. The Superior Court reasoned that Young's conviction for driving at an unsafe speed, 75 Pa.C.S.A., § 3361, was conclusive proof of his negligence, since that conviction formed

* This opinion was reassigned to this writer.

1. 75 Pa.C.S.A., § 3361.

2. 75 Pa.C.S.A. § 3732.

3. A compulsory non-suit was entered earlier in favor of appellant Stitzel, and the claim against appellant Agsten was discontinued by agreement.

the basis for his vehicular homicide conviction.[4]

■ Appellant argues that the Superior Court erred by reversing and remanding to the trial court with instructions to enter a directed verdict as to negligence, based upon his conviction for driving at an unsafe speed, because the introduction of summary convictions was held to be inadmissible by this Court in *Hurtt v. Stirone*, 416 Pa. 493, 206 A.2d 624 (1965) and *Loughner v. Schmelzer*, 421 Pa. 283, 218 A.2d 768 (1966). We disagree. The appellant's failure to drive at a safe speed was an operative fact in his vehicular homicide conviction. Vehicular homicide is clearly a non-summary offense as it entitles an accused to a jury trial and is punishable by up to five years imprisonment. *See* 75 Pa.C.S.A. § 3732 and 18 Pa.C.S.A. §§ 106 and 1104. As a consequence the issue is whether a conviction for a summary offense is conclusive in a later civil proceeding when the summary offense is a necessary operative fact in a non-summary conviction. This Court has allowed operative facts necessary for non-summary criminal convictions to be admitted as conclusive facts in civil suits arising from the same event. *See Commonwealth Department of Transportation v. Mitchell*, 517 Pa. 203, 535 A.2d 581 (1987); *In re Estate of Klein*, 474 Pa. 416, 378 A.2d 1182 (1987); and *Kravitz Estate*, 418 Pa. 319, 211 A.2d 443 (1965). The rule is not inconsistent with either *Hurtt* or *Loughner* for neither case directly addressed the issue presented. In *Hurtt* for example, this Court stated:

> The defendant was presented with more than ample opportunity to overcome the charges lodged against him while he was swathed in a cloak of presumed innocence. His case was twice presented to a federal jury which found him guilty of extortion beyond a reasonable doubt, upon the same facts which are now urged as the basis for his civil liability. To now hold that the effect of those jury determinations is nil not only would be to fly in the face of reason but would also be a general indictment of

4. Appellees did not contend on appeal that the trial court erred in excluding evidence of the vehicular homicide conviction.

the whole American jury system ... The defendant should not now be heard to deny that which was established by his prior criminal conviction, without proof that his conviction was procured by fraud, perjury or some manner of error now sufficient to upset the conviction itself. Defendant has had his day in court and has failed to instill even a reasonable doubt in the collective mind of his then jury. No valid reason exists why he should be given a chance to try his luck with another jury.

In so deciding, we recognize a valid existing distinction in cases involving the record conviction of relatively minor matters such as traffic violations, lessor misdemeanors, and matters of like import. Especially in traffic violations, expediency and convenience, rather than guilt, often control the defendant's "trial technique." In such cases, it is not obvious that the defendant has taken advantage of his day in court, and it would be unreasonable and unrealistic to say he waived that right as to a matter (civil liability), which was probably not within contemplation at the time of the conviction. Compare also the effect given in Pennsylvania to a plea of *nolo contendere: Teslovich v. Fireman's Fire Ins. Co.*, 110 Pa.Super.Ct. 245, 168 A. 354 (1933).

The policy shifts with regard to major criminal convictions such as the one presented. We find it incredible in such a situation that a defendant would present less than his best defense, knowing that his failure would result in the loss of substantial property, or even his liberty. *Id.* at 498–99, 206 A.2d at 626–627.

A reading of the above decision in *Hurtt* illustrates that the court only sought to insure that the party bound by the prior determination had adequate incentive to contest the issue and an adequate forum in which to litigate. Clearly these requirements were satisfied in the instant action. Here the appellant was faced with a possible five year period of incarceration and was provided with trial by jury. This Court in *Hurtt* made it absolutely clear that once there is a finding of guilt by jury or judge, a collateral attack

upon such a finding will not be allowed unless it is established that the conviction was procured by fraud, perjury or some manner of error sufficient to upset the conviction.[5] The rule is predicated upon society's recognition of the bench or jury trial system as the most equitable forum and the recognition by this Court in *Hurtt* that commission of a serious offense entitles the defendant to a jury trial. Accordingly we find the appellant's claim to be frivolous. In so holding however, we reiterate the strong sentiment expressed in *Hurtt,* and later applied in *Loughner,* that convictions for summary offenses by themselves, where an accused is not entitled to a jury trial, are inadmissible.

The appellant next asserts that application of his conviction in the prior proceeding to a subsequent civil trial is a violation of his right to due process under our decision in *Commonwealth v. Heck,* 517 Pa. 192, 535 A.2d 575 (1987). He further asserts that he may be guilty of no more than ordinary negligence. These issues are meritless for several reasons. The first is that the appellant never appealed his conviction. Since it was only voidable, it is to be given its full effect. *Commonwealth v. Mackley,* 380 Pa. 70, 110 A.2d 172 (1955). Secondly, all that was required of the appellees was a demonstration of ordinary negligence. This was established beyond a reasonable doubt in the criminal case. Accordingly, these arguments are meritless.

The appellant last asserts that the Superior Court's decision will preclude him from presenting evidence of justification or excuse for his violation of the statute and

---

5. Recently in *City of Pittsburgh v. Zoning Board of Adjustment of City of Pittsburgh, Zullo and Dale,* 522 Pa. 44, 559 A.2d 896 (1989) we noted in a similar situation that collateral estoppel applies if (1) the issue decided in the prior case is identical to the one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity with a party in the prior case; (4) the party or person privy to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment. *Id.,* 522 Pa. at 55, 559 A.2d at 901.

that the jury's decision in the civil proceeding was not against the weight of the evidence. We disagree. As a matter of law the trial court erred in submitting the question of the appellant's negligence to the jury. *Commonwealth Department of Transportation v. Mitchell,* 517 Pa. 203, 535 A.2d 581 (1987); *In re Estate of Klein,* 474 Pa. 416, 378 A.2d 1182 (1977); *Kravitz Estate,* 418 Pa. 319, 211 A.2d 443 (1965); and *Hurtt v. Stirone,* 416 Pa. 493, 206 A.2d 624 (1965). The appellant was negligent per se.[6] Accordingly the order of the Superior Court is affirmed.

STOUT, Former Justice, did not participate in the decision of this case.

ZAPPALA, J., files a dissenting opinion.

ZAPPALA, Justice, dissenting.

The majority holds that a conviction for a summary offense is conclusive in a subsequent civil proceeding when the summary offense is found to be a necessary operative fact in a non-summary conviction. The majority concludes that such a result is not inconsistent with this Court's prior decisions in *Loughner v. Schmelzer,* 421 Pa. 283, 218 A.2d 768 (1966) and *Hurtt v. Stirone,* 416 Pa. 493, 206 A.2d 624 (1965). I must dissent because I view the majority's holding as a significant departure from our prior case law. Even if I were to agree with the majority's unwarranted extension of those cases, I would dissent because the majority has erred in affirming the Superior Court's order requiring the trial court to enter a directed verdict for the Appellants on the issue of negligence.

In *Hurtt,* this Court overruled prior case law which had held that judgments in criminal cases were inadmissible to establish the facts in a civil case. This change was precipitated largely by the Court's perception that the modern trend was moving away from enforcing a rigid rule. The

6. As the Superior Court noted, however, appellants still must prove that appellee's negligence was the proximate cause of the injuries. See *Folino v. Young,* 368 Pa.Super. 220, 226 n. 6, 533 A.2d 1034 (1987) and *Congini v. Portersville Valve Co.,* 504 Pa. 157, 470 A.2d 515 (1983).

precise issue raised in *Hurtt* was whether proof of a criminal conviction of extortion was conclusive evidence of the fact of extortion in a civil suit against the convicted extortioner to recover the extorted money. The Court's holding that the conviction was conclusive evidence of the fact of extortion in the civil suit was based upon the fact that the criminal conviction after a jury trial arose from the same facts that were urged as the basis for his civil liability. The Court reasoned that the defendant should not be permitted a second opportunity to deny that which was established by his prior criminal conviction without proof that his conviction was procured by fraud, perjury, or some error that would affect the conviction itself.

In the instant case, the conviction was for the summary offense of driving at an unsafe speed. Even assuming, arguendo, that the summary offense conviction was admissible as conclusive evidence that the Appellant was driving at an unsafe speed, that fact alone would not be sufficient to sustain a directed verdict on liability in favor of the Appellees. The Appellees must still establish that the Appellant's conduct was the proximate cause of their injuries. The liability of the Appellant cannot be established without a showing that the injuries were causally related to the Appellant's operation of the vehicle at an unsafe speed.

By directing that the trial court enter a directed verdict in favor of the Appellees on remand, the Superior Court eliminated the need for any proof that the Appellant's conduct caused the injuries. This violates the most basic principle of establishing liability for negligent conduct—that the conduct must be the cause of the injuries. Introduction of the summary offense conviction does no more than establish that there was a breach of the duty of due care.

As we stated in *Congini v. Portersville Valve Co.*, 504 Pa. 157, 470 A.2d 515 (1983),

A finding of negligence per se does no more than satisfy plaintiff's burden of establishing that a defendant's conduct was negligent. *See* Section 288B of the Restatement

of Torts Second; *Prosser*, Torts Ch. 5 § 36 pp. 200–201 (4th ed. 1971). However, the burden remains upon plaintiff to establish that his complaint of injuries were proximately caused by the statutory violation.

504 Pa. at 163, 470 A.2d at 518 (footnote 4). The Superior Court's analysis, and the majority's affirmance thereof, eliminates the burden of proof on a plaintiff to establish liability when there has been a prior criminal conviction.

It is apparent that the Superior Court's error emanates from its improper consideration of the homicide by vehicle conviction. The instant action is not one on behalf of the deceased victim whose death was the basis for the homicide by vehicle conviction. The deceased victim was a passenger in the Appellant's automobile, not of the Appellees' automobile. The Appellees must establish the claimed negligence of the Appellant as the cause of their injuries. For this reason, I would find the Superior Court erred in requiring that a directed verdict must be entered in the Appellees' favor.

I must depart also from the majority's willingness to extend *Hurtt* to permit the introduction of summary offense convictions in a subsequent civil proceeding. The majority's extension of *Hurtt* injects an element of uncertainty into the determination of the admissibility of summary offense convictions. The majority's analysis requires consideration of whether the summary offense was vigorously defended to resolve the question of the admissibility of that evidence. I agree with Judge Del Sole's analysis in his dissenting opinion, in which he stated:

I disagree with the [Superior Court] majority's approach insofar as a determination of whether or not Young indeed took "advantage of his day in court" raises an issue collateral to the case at bar. Further, I do not believe that a decision of this nature can be simply based on a review of the record. Rather, if this Court were to utilize this analysis each time the preclusion of a prior minor conviction occurred, we would need to order a

hearing to ascertain whether or not the defendant asserted his/her best defense.

368 Pa.Super. at 229, 533 A.2d at 1038.

Finally, I agree with Judge Del Sole's observation that even if the Appellant's prior conviction was to be considered admissible, its preclusion was harmless error because the Appellees were permitted to introduce evidence of Appellant's driving at an unsafe speed. The trial court also charged on the Motor Vehicle Code violation for driving at an unsafe speed. The jury was instructed that if they found the Appellant violated that section of the Code, they were required to find that the Appellant was negligent as a matter of law. The jury's verdict in favor of the Appellant indicated that the jury had concluded that the rate of speed was not the cause of the accident. Any error, therefore, was harmless.