# Toolan v. Cerulli

C.P. of Monroe County, no. 8853 CV 2005.

*Kevin P. Foley,* for plaintiffs.
*Joanne Kelhart,* for defendants.

ZULICK, *J.,* December 14, 2006—This case comes before the court on defendants George Cerulli and Ketty Rendon's petition to open a default judgment entered against them by the prothonotary. Defendants allege that the default judgment was improperly entered and that they have met the requirements for opening a default judgment as a matter of law. I agree and will therefore direct that the judgment be opened.

Plaintiffs Joan and Timothy Toolan brought suit against the defendants on behalf of their minor children, Brendan and Timothy Jr. The suit arises from the Toolans' allegations that an 8-month-old German Shepherd, owned by Ketty Rendon and kept in a home owned by George Cerulli, bit Timothy, causing him serious injuries. The Toolans allege the children were playing with a friend across the street, Kaitlyn Gannon, when the dog attacked Timothy and Ms. Gannon. They further allege that considerable medical treatment was required for Timothy Jr. Damages for mental anguish are also claimed for Timothy Jr., his brother Brendan and his mother, plaintiff Joan Toolan.

The Toolans filed their complaint and then filed an amended complaint on May 2, 2006. Defendants filed preliminary objections on July 7, 2006. On the same date, the defendants filed a praecipe for argument of the objections "on the next available list." In accordance with defendants' request, the Monroe County Prothonotary placed the objections on the next available argument date

on the Monroe County court calendar, which was August 7, 2006. Defendants claim they were not notified of the argument date until shortly before August 7, 2006,[1] and that they then filed a motion for continuance. However, the motion for continuance was not docketed in the prothonotary's office until nearly a month later, on August 31, 2006.

Defendants allege that they were "under the impression that the argument would be continued until September 5, 2006" and thus failed to attend the oral argument.

On August 21, 2006, the court issued an order denying defendants' preliminary objections and directing them to file an answer to the Toolans' amended complaint within 20 days. When plaintiffs failed to file an answer, the Toolans filed a praecipe for entry of default judgment on September 19, 2006. Defendants filed a petition to open the judgment on September 28, 2006.

## DISCUSSION

"The nature of a default judgment is to impose responsibility upon a defendant who had the opportunity to defend the claim on the merits but has failed to do so." *Allegheny Hydro No. 1 v. American Line Builders,* 722

---

1. Monroe County local rules do not provide for mailed notice of an argument date. See 43 J.D.R.C.P. 207. ("All praecipes for argument shall be listed on the first argument date occurring more than 30 days following the filing of the motion. . . .") Defendants filed a praecipe for argument of their preliminary objections on July 7, 2006. The Monroe County court calendar provided for argument court on August 7, 2006 and defendants' case was placed on this argument list as per the defendants' praecipe. The court's calendar is published for members of the bar and is available from the prothonotary's office.

A.2d 189, 195 (Pa. Super. 1998), citing *Kraynick v. Hertz*, 443 Pa. 105, 277 A.2d 144 (1971). The rule for granting a motion to open a default judgment was set out by the Pennsylvania Supreme Court in *Balk v. Ford Motor Co.*, 446 Pa. 137, 140, 285 A.2d 128, 130 (1971):

"[A] petition to open a judgment is a matter of judicial discretion . . . and is to be exercised only when three factors coalesce: (1) the petition has been promptly filed; (2) a meritorious defense can be shown; (3) the failure to appear can be excused." (footnote omitted)

Each prong of the *Balk* test must be met or no relief is appropriate. *Schultz v. Erie Insurance Exchange*, 505 Pa. 90, 93, 477 A.2d 471, 472 (1984). However, the prongs are to some degree interdependent:

"The merits of a defense may have some bearing on the question of whether a petition to open was promptly enough filed. The more plainly meritorious the defense, the more heavily the equities will incline in the petitioner's favor, which is to say, the more appropriate it may be to excuse some delay." *Allegheny Hydro*, 722 A.2d at 191-92, citing *Provident Credit Corporation v. Young*, 300 Pa. Super. 117, 130, 446 A.2d 257, 264 (1982).

Pennsylvania Rule of Civil Procedure 237.3(b) provides that where, as here, a defendant seeks to open a default judgment for purposes of filing an answer, the petition is per se timely and the failure to timely file an answer is presumed excusable if it is filed within 10 days of the entry of the default judgment. In this case, the default judgment was entered into on September 19, 2006, and defendants' petition was filed on September

28, 2006. Consequently, the petition meets the timeliness requirements.

Since defendants filed within 10 days, under Rule 237.3(b), the delay was excusable as a matter of law and defendants are not required to provide an explanation. *Cohen v. Mirin,* 729 A.2d 1236, 1238 (Pa. Super. 1999) ("The lower court's insistence that appellant express a reasonable explanation was, therefore, in error, and was not proper grounds on which to base its denial of appellant's petition."). See also, note to Rule 237.3 ("the rule supplies two of the three requisites for opening such judgments by presupposing that a petition filed as provided by the rule is timely and with reasonable explanation or legitimate excuse for the inactivity or delay resulting in the entry of the judgment").

Given that defendants' petition is per se timely and any delay per se excusable based on Rule 237.3, the only remaining question is whether defendants have proffered a meritorious defense.

A meritorious defense for our purposes is defined as one which (1) would justify relief if proved at trial and (2) is set forth in precise, specific and clear terms. *Seeger v. First Union National Bank,* 836 A.2d 163, 166 (Pa. Super. 2003), citing *Penn-Delco School District v. Bell Atlantic-PA,* 745 A.2d 14, 19 (Pa. Super. 1999). A meritorious defense may be located in the petition to open rather than the attached answer. *Castings Condominium Association Inc. v. Klein,* 444 Pa. Super. 68, 74, 663 A.2d 220, 224 (1995).

In this case, defendants cite three general defenses in their proposed answer to the amended complaint: (1) the

dog in question was not dangerous, had no known propensity for vicious behavior, and was a puppy, defendants' petition to open, para. 23; (2) they did not violate the dog leash law, *id.* at para. 28; and (3) the Toolans have not provided medical bills with which to validate a personal injury claim, *id.* at para. 24.

The Toolans reply that collateral estoppel and res judicata should preclude defendants from litigating the first two issues because Ms. Rendon was found guilty of harboring a dangerous dog, see plaintiffs' exhibit A, and that the third defense is sufficient only to mitigate damages, so any trial or hearing should be confined to that subject.

It was long the law in Pennsylvania that criminal convictions were inadmissible in subsequent civil suits for collateral estoppel purposes. See *Richard Township v. Prodex Inc.,* 160 Pa. Commw. 184, 196, 634 A.2d 756, 762 (1993), citing *Hurtt v. Stirone,* 416 Pa. 493, 497, 206 A.2d 624, 626 (1965), *cert. denied,* 381 U.S. 925, 85 S.Ct. 1561, 14 L.Ed.2d 684 (1965). The law changed in 1965 when the *Hurtt* court overturned this doctrine, permitting convictions for serious crimes to be admitted for collateral estoppel purposes:

"We are not now prepared to say that the mere technical effect of the doctrines of res judicata and collateral estoppel regarding identity of parties is sufficient to overcome the policy which requires us to give conclusive effect to the prior conviction herein. The defendant should not now be heard to deny that which was established by his prior criminal conviction, without proof that his conviction was procured by fraud, perjury or some manner of error now sufficient to upset the convic-

tion itself. Defendant has had his day in court and has failed to instill even a reasonable doubt in the collective mind of his then jury . . . [but]

"[W]e recognize a valid existing distinction in cases involving the record of conviction of relatively minor matters such as traffic violations, lesser misdemeanors, and matters of like import. Especially in traffic violations, expediency and convenience, rather than guilt, often control the defendant's 'trial technique.' In such cases, it is not obvious that the defendant has taken advantage of his day in court, and it would be unreasonable and unrealistic to say he waived that right as to a matter (civil liability), which was probably not within contemplation at the time of the conviction . . . .

"The policy shifts with regard to major criminal convictions such as the one presented. We find it incredible in such a situation that a defendant would present less than his best defense, knowing that his failure would result in the loss of substantial property, or even his liberty." *Hurtt,* 416 Pa. at 498-99, 206 A.2d at 626-27. (citations omitted) (footnote omitted)

*Hurtt's* dicta that not all criminal convictions were admissible for collateral estoppel purposes was upheld the following year in *Loughner v. Schmelzer,* 421 Pa. 283, 218 A.2d 768 (1966). The court explained, "an important distinction exists between traffic violations and lesser misdemeanors on the one hand and felonies and their consequences on the other hand." *Id.* at 285, 218 A.2d at 769.[2]

2. Other states appear divided on the admissibility of prior criminal convictions in civil suits. Compare *Beale v. Speck,* 127 Idaho 521, 903 P.2d 110 (1995), and *Crane v. Dunn,* 382 Md. 83, 854 A.2d 1180 (2004)

The Supreme Court has since held that a summary offense functioning as a necessary operative fact in a non-summary conviction is also admissible for collateral estoppel purposes, explaining that *Hurtt* sought to "insure that the party bound by the prior determination had adequate incentive to contest the issue and an adequate forum in which to litigate." *Folino v. Young,* 523 Pa. 532, 536, 568 A.2d 171, 173 (1990). The court consequently reaffirmed that summary convictions in themselves were inadmissible for collateral estoppel purposes. *Id.* at 537, 568 A.2d at 173-74.

In this case, defendants were charged with a violation of 3 P.S. §459-502(A). Plaintiffs' exhibit A. Purdon's Statutes section 459-502(A) clearly defines harboring a dangerous dog as a violation of the Dog Law, but as a summary offense only. Consequently, *Folino; Hurtt* and *Loughner* demonstrate that it is inadmissible for collateral estoppel purposes.

Having established that defendants are not collaterally estopped from raising any of their proffered defenses, I turn to evaluating whether those defenses are meritorious under *Seeger* and *Penn-Delco School.*

The Toolans allege common-law theories of negligence and negligence under the Dog Law, 3 P.S. §459-305, due to defendants' alleged failure to secure the German Shepherd in question. "It is axiomatic that in

---

(rejecting the *Hurtt/Loughner* distinction between serious crimes and lesser offenses) with *Thurmond v. Monroe,* 636 N.E.2d 544, 547, 201 Ill. Dec. 112, 115, 159 Ill.2d 240, 246 (1994); *Hunter v. Hardnett,* 199 Ga.App. 443, 405 S.E.2d 286 (1991); *Montalvo v. Morales,* 18 A.2d 20, 239, N.Y.S.2d 72 (1963), et al. (distinguishing between lesser offenses or traffic offenses and serious crimes).

order to maintain a negligence action, the plaintiff must show that the defendant had a duty 'to conform to a certain standard of conduct;' that the defendant breached that duty; that such breach caused the injury in question; and actual loss or damage." *Phillips v. Cricket Lighters,* 576 Pa. 644, 841 A.2d 1000, 1008 (2003). Consequently, in responding to a claim of negligence, a meritorious defense is raised, inter alia, "where it is asserted that plaintiff's injury is not the result of defendant's negligence, and that the injuries complained of occurred as a result of an unforeseeable event." *Himmelreich v. Hostetter Farm Supply Inc.,* 703 A.2d 478 (Pa. Super. 1997), citing *Alba v. Urology Associates of Kingston,* 409 Pa. Super. 406, 410, 598 A.2d 57, 59 (1991).

It is possible defendants could prove at trial that the dog in question had not shown vicious propensities, and consequently that the injuries in question occurred as a result of an unforeseeable event. This could be sufficient to defeat a claim of negligence. See *Andrews v. Smith,* 324 Pa. 455, 459, 188 A. 146, 148 (1936) ("Animals such as horses, oxen and dogs are not beasts that are ferae natura, *i.e.,* wild beasts, but are classed as mansuetae natura, *i.e.,* tamed and domesticated animals, and their owners are not responsible for any vicious acts of theirs unless the owners have knowledge that they are likely to break away from their normal domestic nature and become vicious.") cited in *Kinley v. Bierly,* 876 A.2d 419, 422 (Pa. Super. 2005). On the issue of negligence, then, defendants have alleged a meritorious defense to justify reopening the judgment.

Further, the Toolans allege that defendants failed to restrain the dog properly as required by the Dog Law, 3

P.S. §459-305. Proof of violation of the leash law would constitute negligence per se under the decision in *Miller v. Hurst,* 302 Pa. Super. 235, 448 A.2d 614 (1982). However, a dog owner may always show that the dog escaped despite the exercise of due care and that in such cases negligence would not be found. *Villaume v. Kaufman,* 379 Pa. Super. 561, 565, 550 A.2d 793, 795 (1988). Defendants contend that the dog did escape despite their exercise of due care, so they have alleged a meritorious defense.

Finally, the Toolans have the burden of proving their damages at trial. The defense that damages are less than the Toolans assert, possibly considerably less, remains meritorious and a legitimate issue for trial. As a result, defendants have proffered three meritorious defenses and are entitled to have the judgment opened as a matter of law.

## ORDER

And now, December 14, 2006, it is ordered that the judgment against defendants is opened. Defendants shall file their answer within 20 days.