**John C. SESSO**

v.

**T. RAPONE, Warden, K. Matte, Captain, G. Murphy, Sergeant, T. Vegenock, Detective, D. McCann, Detective, W. Price, Trooper.**

Civ. A. No. 80–1540.

United States District Court,
E. D. Pennsylvania.

April 28, 1982.

Blank, Rome, Comisky & McCauley, Leonard Dubin, Philadelphia, Pa., for plaintiff.

Robert G. Hanna, Jr., Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, Pa., for Thomas Rapone, Capt. Matte and Sgt. G. Murphy.

George W. Fisher, Deputy Atty. Gen., State of N. J., Dept. of Law and Public Safety, Claims Service Section, Trenton, N. J., for Trooper W. Price, Detective T. Vegenock and Detective D. McCann.

1. Captain K. Matte, Sergeant G. Murphy, Detective T. Vegenock, Detective D. McCann and

David G. Battis, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for T. Vegenock, D. McCann and W. Price.

## MEMORANDUM AND ORDER

SHAPIRO, District Judge.

This is a civil rights action brought by John Sesso ("Sesso") against certain police officers[1] and Warden Rapone. Plaintiff alleges that line-up procedures conducted at Delaware County Prison and his subsequent arrest, interrogation and physical examination violated his constitutional rights. Before us are motions for summary judgment filed by defendants Vegenock, McCann and Price ("Vegenock") and defendants Rapone, Matte and Murphy ("Rapone"). For the reasons stated, these motions are granted only with regard to the alleged unconstitutionality of the line-up procedure.

■ On September 16, 1981, we denied without prejudice a previous motion for summary judgment by defendants Vegenock, McCann and Price because Sesso's petition to the Supreme Court of New Jersey to review his right to counsel at the line-up was pending. However, Sesso's petition for certification has now been denied. *State of New Jersey v. Sesso*, 88 N.J. 486, 443 A.2d 702 (1981).

Fed.R.Civ.P. 56(c) provides:

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

In ruling upon a motion for summary judgment all factual inferences which may be fairly drawn from the record before the court must be taken most favorably to the party opposing the motion. *Coastal States Gas Corp. v. Department of Energy*, 644 F.2d 969 (3d Cir. 1981).

Trooper W. Price.

**██** Defendants assert that plaintiff's claim is barred by collateral estoppel because the validity of the line-up complained of has been litigated and decided adversely to the plaintiff in a state criminal action in which he was a defendant. A prior criminal adjudication may bar to a subsequent civil rights action brought under 42 U.S.C. § 1983. *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980); *see Switlik v. Hardwicke Co.*, 651 F.2d 852 (3d Cir.), *cert. denied*, —— U.S. ——, 102 S.Ct. 614, 70 L.Ed.2d 601 (1981). If the state court has specifically determined the issue in question in a prior criminal proceeding, the issue will not be relitigated in a civil rights action in federal court, even if that decision may have been erroneous. *See Allen, supra*, 449 U.S. at 101, 101 S.Ct. at 418; *Switlik, supra*, at 858, n.4. ("The existence of a factual basis supporting the state decision is not relevant to the issue whether the federal claims are barred.").

The *Allen* Court did *not* decide "the question whether a § 1983 claimant can litigate in federal court an issue he might have raised but did not raise in previous litigation." *Allen, supra*, 449 U.S. at 94, n.5, 101 S.Ct. at 415, n.5; *see New Jersey-Philadelphia Presbytery of the Bible Presbyterian Church v. New Jersey State Board of Higher Education*, 654 F.2d 868, 877 n.15 (3d Cir. 1981). In the Third Circuit:

> The standard for determining if litigation of a question in a civil suit is barred by a prior criminal trial is whether the question was " 'distinctly put in issue and directly determined' in the criminal prosecution. * * * In the case of a criminal conviction based on a jury verdict of guilty, issues which were essential to the verdict must be regarded as having been determined by the judgment." *Emich Motors Corp. v. General Motors Corp.*, 340 U.S. 558, 569, 71 S.Ct. 408, 414, 95 L.Ed. 534 (1951). Where a motion to dismiss is made on the basis of collateral estoppel, it is usually necessary for the court to examine the record of the prior trial, unless it appears on the face of the complaint that it is barred by issues decided in the prior adjudication. Reasonable doubt as

to what was decided by a prior judgment should be resolved against using it as an estoppel. [Footnotes omitted].

*Kauffman v. Moss*, 420 F.2d 1270, 1274 (3d Cir.), *cert. denied*, 400 U.S. 846, 91 S.Ct. 93, 27 L.Ed.2d 84 (1970); *see De Cavalcante v. C.I.R.*, 620 F.2d 23, 28 n.10 (3d Cir. 1980) ("... there can be no collateral estoppel effect as to matters not specifically determined or which were not otherwise essential to the determination of guilt."); *Murphy v. Andrews*, 465 F.Supp. 511, 512 (E.D. Pa.1979) ("The fact that such issues *could* have been adjudicated is of no consequence.") (Emphasis original).

**██** The first three counts of Sesso's amended complaint, except for paragraph 33, are concerned with the line-up on March 27, 1978; the last three counts and paragraph 33 arise out of his arrest and questioning on March 28, 1978. Count I complains of an unduly suggestive line-up. Count II complains that the line-up violated Sesso's privilege against self-incrimination. Count III complains of the denial of the right to counsel at the line-up.

The state court judge clearly ruled adversely to Sesso at a suppression hearing on the line-up suggestability issue (N.T. 37–46, 6/28/79, attachment to defendants' motion for summary judgment). The right to counsel issue was briefed on appeal and Sesso's position was rejected by the Supreme Court of New Jersey in *State of New Jersey v. Sesso*, 88 N.J. 486, 443 A.2d 702 (1981). *See* New Jersey's brief on appeal, *State of New Jersey v. Sesso* (attachment to defendants' motion for summary judgment).

Sesso is collaterally estopped by the prior criminal proceeding as to claims that the line-up was unduly suggestive (Count I) and that his right to counsel was denied (Count III).

Because claims of deprivation of these rights are barred, the assertion of conspiracy to deny Sesso of the same rights is likewise barred. *See Kauffman, supra*, at p. 1275, n.11:

We note that appellant's allegation that appellees *conspired* to commit perjury and subornation of perjury would not in itself be sufficient to avoid dismissal of the complaint or summary judgment for appellees on the ground of collateral estoppel. While it is clear that the conspiracy issue could not have been decided by appellant's prior criminal conviction, nevertheless if appellant is barred from litigating the existence of perjury itself, then he has no right to recover for conspiracy to commit or suborn perjury. If appellant is unable to show that perjury was actually committed, then he has suffered no injury and is entitled to no redress.

*Accord, People ex rel. Snead v. Kirkland,* 462 F.Supp. 914, 922 (E.D.Pa.1978).

Plaintiff cites *De Cavalcante v. C.I.R.,* 620 F.2d 23 (3d Cir. 1980), where the Court held that a guilty plea to a gambling conspiracy indictment extending back to 1965 did not estop the defendant from denying in a subsequent civil tax case involvement in the underlying illegal activity prior to the 1968 tax year; the prosecutor in the criminal case testified that there had been no evidence of such activity.

In situations involving the collateral estoppel effects of criminal judgments based on conspiracy counts, the trial court in the subsequent civil proceeding must examine the entire record to determine exactly what was decided in the criminal proceeding. This is so because there can be no collateral estoppel effect as to matters not specifically determined or which were not otherwise essential to the determination of guilt. (citations omitted). *Id.* at 28, n.10.

In this case, the criminal judgment involved no conspiracy and Sesso's claims as to the particular unlawful acts now alleged were explicitly considered and rejected by the courts of New Jersey. The doctrine of collateral estoppel bars Sesso from asserting claims not only of an unconstitutional line-up but also of a conspiracy to achieve that result.

■ But, Count I of Sesso's amended complaint cannot be dismissed in its entirety because paragraph 33 also claims that Sesso was denied a pre-transfer hearing to which he was entitled under the Uniform Extradition Act and the Interstate Agreement on Detainers. This was not considered by the New Jersey courts so that Sesso cannot be collaterally estopped. This issue is not appropriate for summary judgment on the present record. *See Cuyler v. Adams,* 449 U.S. 433, 101 S.Ct. 703, 66 L.Ed.2d 641 (1981).

■ Sesso also claims that the line-up procedure violated his Fifth and Fourteenth amendment privilege against compulsory self-incrimination (Count II). The pretrial record reveals that as a participant in the line-up he was required to show his full face and side profile and speak. It is well settled that compelling an accused to exhibit his person at a line-up "involves no compulsion of the accused to give evidence having testimonial significance." *United States v. Wade,* 388 U.S. 218, 222, 87 S.Ct. 1926, 1929, 18 L.Ed.2d 1149 (1967). Similarly, compelling an accused to speak within hearing distance of a witness is not compulsion to utter words of a "testimonial" nature. *Id.* Count II must also be dismissed for failure to state a claim.