# Lapcevich v. Erie Insurance Exchange

*Charles F. Gilchrest,* for plaintiff.

*Donald R. McKay,* for defendant Erie Insurance Exchange.

ACKER, *P.J.,* July 19, 1988 — We have for consideration a motion for summary judgment of Erie Insurance Exchange as to an action in assumpsit and trespass filed by plaintiff, Paul J. Lapcevich III, against defendant Erie Insurance Exchange.

The fire giving rise to this arson defense occurred on October 1, 1977. Plaintiff had induced an acquaintance, David Atwell, to burn plaintiff's incompleted residence while he, Lapcevich, was at an automobile race near Harrisburg. By the plan Atwell was to come to where Lapcevich was staying, and in the presence of others, announce that a fire had destroyed Lapcevich's residence to help establish the alibi. Atwell was convicted and sentenced for arson. He appealed to the Superior Court. His sentence was affirmed by the Superior Court on April 30, 1982. Atwell then petitioned to the Supreme Court for an allowance of appeal which was denied on August 20, 1982.

Charges were then brought against Lapcevich on September 29, 1982. Lapcevich was first brought to

trial before a jury on February 23, 1983. Due to the inability of the jury to agree, the jury was discharged and a mistrial declared two days later on February 25, 1983.

Defendant filed a motion to dismiss and quash the criminal information claiming, inter alia, double jeopardy. This assertion was found to be without merit and the motion to dismiss and quash was denied on April 28, 1983. Lapcevich appealed to Superior Court on May 5, 1983. The Superior Court affirmed and on March 1, 1985, defendant filed a petition for allowance of appeal to the Supreme Court. This was denied on August 30, 1985. The case was ordered to trial and Lapcevich was convicted by a jury on November 12, 1985, of arson and conspiracy to commit arson.

On November 27, 1985, defendant filed post-trial motions. They were denied on May 29, 1986. The court sentence was affirmed by the Supreme Court.[1] Allocatur was denied.[2] Therefore, the conviction of defendant is final and the sentence stands.[3]

Summary judgment should only be entered in a

1. 364 Pa. Super. 151, 527 A.2d 572 (1987).

2. 533 A.2d 91 (1987).

3. At oral argument, it was stipulated and agreed upon the record that this court could take judicial notice of the criminal proceedings referred to in this opinion, and that it was not necessary that defendant file an amended motion for summary judgment in writing. It was further stipulated that the court could accept an oral amendment to include the facts of the conviction as noted in defendant's previous motion.

Indeed plaintiff cannot ask for further relief as to his criminal conviction and sentence in that he is and has been a fugitive from justice. His bond was forfeited on November 16, 1987. Choosing to flee the jurisdiction and live as a fugitive causes defendent to forfeit his right to have his claim of improper conviction or sentence further considered. *Commonwealth v. Passaro*, 504 Pa. 611, 476 A.2d 346 (1984).

matter that is clear and free from doubt. *Billman by Billman v. Pennsylvania Assigned Claims Plan,* 349 Pa. Super. 448, 503 A.2d 932 (1986). The burden of proof in establishing that there is no genuine issue of material fact and that the moving party is entitled to a summary judgment rests upon that moving party. *Bertani v. Beck,* 330 Pa. Super. 248, 251-2, 479 A.2d 534, 535 (1984):

"A motion for summary judgment may properly be granted only 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of any material fact, and that the moving party is entitled to judgment as a matter of law.' " *Washington Federal Savings & Loan v. Stein,* 357 Pa. Super. 286, 288-9, 515 A.2d 980, 981 (1986), citing Pa.R.C.P. 1035(b), and *Rybas v. Wapner,* 311 Pa. Super. 50, 52, 457 A.2d 108, 109 (1983). However, parties seeking to avoid summary judgment may not rest on the averments contained in their pleadings; to the contrary, upon the motion, the adverse party may serve opposing affidavits as authorized by rule 1035(b) to show that there is an issue of fact. *Washington Federal Savings & Loan, supra,* at 288-9, 515 A.2d at 983. Any doubt must be resolved against the moving party. *Id.*

Plaintiff in response to the motion for summary judgment does not have to prove his case on the merits but only raise a genuine issue of material fact. See *Schacter v. Albert,* 212 Pa. Super. 58, 239 A.2d 841 (1968). The fact is material if it directly affects disposition of the case. See *Allen v. Colautti,* 53 Pa. Commw. 392, 417 A.2d 1303 (1980).

Summary judgment is properly entered, however, where it is properly concluded that there is no legal duty owed to plaintiff. *Fabian v. Matzko,* 236 Pa. Super. 267, 344 A.2d 569 (1975).

It is beyond challenge that when a fire is a result of arson by the plaintiff-owner, the insurance company is not liable to the insured plaintiff. *General Electric Credit Co. v. Aetna Casualty Insurance Co.,* 437 Pa. 463, 473, 263 A.2d 448 (1970).

"It would be a reproach to the jurisprudence of the country, if one could recover insurance money payable on the death of the party whose life he had felonious taken. As well might he recover insurance . . . upon a building he had willfully fired." *Connecticut Fire Insurance Co. v. Ferrara,* 277 F.2d 388, 391 (8th Cir. 1960), quoting from *New York Mutual Life Insurance Co. v. Armstrong,* 117 U.S. 591, 6 S.Ct. 877 (1896).

The issue, therefore, is whether the conviction of defendant for arson and conspiracy to commit arson involving the same building for which money damages are now claimed against the insurance company which insured the premises is conclusive and denies as a matter of law the right of plaintiff to proceed with this action.

Plaintiff agrees by brief that the prior law in Pennsylvania that judgments in criminal cases of guilt were inadmissible to establish facts in a civil case is contrary to the holding of *Hurtt, Trustee v. Stirone,* 416 Pa. 493, 206 A.2d 624 (1965),[4] U.S. cert. den. 301 U.S. 925.

The reasoning of the *Hurtt, supra,* opinion is "[t]o now hold that the effect of those jury determinations is nil, not only would be to fly in the face of reason,

---

4. The *Hurtt* case specifically refers to the two cases cited by plaintiff, *Estate of Gartner,* 94 Pa. Super. 45 (1928) and *Commonwealth to Use of Blanche Bruce v. Moran,* 251 Pa. 477, 96 Atl. 1089 (1916). The court states: "But the tendency of recent decisions is away from enforcing a rigid rule." *Bruce, supra.* See *Mineo v. Eureka Security Fire & Insurance Co.,* 182 Pa. Super. 75, 125 A.2d 612 (1956) and *Greifer's Estate,* 333 Pa. 278, 5 A.2d 118 (1939).

but also would be a general indictment of the whole American jury system." In *Hurtt, supra,* defendant has twice been convicted of violation of the Hobbs Anti-Racketeering Act, 62 Stat. 793, 18 U.S.C. § 1951 of extortion. The trial court properly permitted evidence of the conviction of the extortion and ruled that it was conclusive upon the defendant.

The change in Pennsylvania law occurred in *Mineo v. Eureka Security Fire and Marine Insurance Co.,* 182 Pa. Super. 75, 125 A.2d 612 (1956). There it was held that a person cannot be permitted to benefit by his own wrong, particularly as to an insurance policy, that it was not error to admit the criminal conviction of the defendant for arson, and that the insurance conviction for setting the fire which caused the damages for which recovery is sought is a bar to recovery on the fire policy. The general principle is that a conviction of a felony and subsequent attempts to benefit therefrom are barred by a determination of guilt of the defendant. See also, *Commonwealth by Kane v. Hilton,* 78 Pa. Commw. 629, 468 A.2d 1160 (1983). *Central Dauphin School District v. American Casualty Co.,* 271 Pa. Super. 218, 412 A.2d 892 (1979), reversed on other grounds, 493 Pa. 254, 426 A.2d 94 (1981) stated:

"[W]here the insured seeks indemnity for loss which arises from his own intentional, fraudulent, reckless or criminal conduct, that public policy will preclude enforcement of an insurance contract. See 9 Couch on Insurance 2d, 39:14-15 (1962), citing *Mineo v. Eureka Security Fire and Marine Insurance Co.,* 182 Pa. Super. 75, 125 A.2d 612 (1956)." *Central Dauphin School District* at 227, 412 A.2d at 897.

Our appellate courts have held in other factual situations that a conviction and sentence was not merely prima facie evidence but conclusively bars a

claim. *Krantz Estate,* 418 Pa. 319, 211 A.2d 443 (1965). There, it is held that a slayer cannot benefit from taking the life of the named insurer, but the statutes specifically permit such a conclusion.

In civil rights actions the decision of the trial court on a suppression motion followed by a conviction is the final judgment which by collateral estoppel prevents recovery in a civil suit for damages. Such is deemed to be res judicata and collateral estoppel. *Lomax v. Smith,* 501 F.Supp. 119 (E.D. Pa. 1980); *Sesso v. Rapone,* 537 F.Supp. 1091 (E.D. Pa. 1982), as to a suit arising from a lineup in a jail.

In *Agsco Equipment Corp. v. Borough of Greentree,* 297 Pa. Super. 33, 443 A.2d 284 (1982), the federal district court had convicted the defendant of mail fraud. At sentence he was ordered to make restitution as directed by the Court of Common Pleas of Allegheny County. This prevented the defendant from avoiding the liability for his crime. In doing so the court relied on *Hurtt, supra,* that one convicted of a felony, the result of which is a financial benefit to himself, is barred from avoiding the payment of restitution.[5]

Recovery under the insurance policy in the instant case is based upon the contention that a fire burned plaintiff's premises and that there is an obligation upon the Erie Insurance Exchange to pay compensation. The policy provides, however, that a person cannot recover for their own arson. The only response of plaintiff is that he did not admit at any time that he in fact set the fire, or that he conspired with David Atwell to do so. He contends therefore that he

---

5. It is recognized that a distinction is made under Pennsylvania law between traffic violations or lesser misdemeanors and felonies, for only in the latter is the defendant barred by his conviction. *Loughner v. Schmelzer,* 421 Pa. 283, 218 A.2d 768 (1966), citing *Mineo v. Eureka Security Fire & Marine Insurance Co., supra.*

should again be given the opportunity to present his denial. This is exactly what *Mineo, supra,* and its progeny is designed to prevent. Nor do we envision plaintiff being able to assert through an amended complaint or any additional pleadings, affidavits, interrogatories or admissions, sufficient facts to avoid the consequences of his act.

Hence, this

## ORDER

And now, July 19, 1988, it is hereby ordered and decreed that defendant, Erie Insurance Exchange's motion for summary judgment and amendment thereto is granted.