J-A15018-21, J-A15019-21

2022 PA Super 14

SANDRA DINARDO A/K/A SANDRA AFFATATO, AS POWER OF ATTORNEY ON BEHALF OF COSMO DINARDO

　　　　　Appellee

　　　v.

CHRISTIAN KOHLER, M.D., HOSPITAL OF THE UNIVERSITY OF PENNSYLVANIA, UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM AND TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA,

　　　　　Appellants

IN THE SUPERIOR COURT OF PENNSYLVANIA

No. 1905 EDA 2020

Appeal from the Order Entered July 20, 2020
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 190700460

_____

SANDRA DINARDO A/K/A SANDRA AFFATATO, AS POWER OF ATTORNEY ON BEHALF OF COSMO DINARDO

　　　　　Appellant

　　　v.

CHRISTIAN KOHLER, M.D., HOSPITAL OF THE UNIVERSITY OF PENNSYLVANIA, UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEM AND TRUSTEES OF THE UNIVERSITY OF PENNSYLVANIA,

　　　　　Appellees

IN THE SUPERIOR COURT OF PENNSYLVANIA

No. 1906 EDA 2020

Appeal from the Order Entered July 20, 2020
In the Court of Common Pleas of Philadelphia County
Civil Division at No: 190700460

BEFORE:　BOWES, J. STABILE, J. AND MUSMANNO, J.

OPINION BY STABILE, J.:　　　　　　　　　**FILED JANUARY 26, 2022**

In this civil action, the mother of a confessed murderer, acting as the murderer's power of attorney, alleges that several medical defendants are liable for negligent psychiatric treatment that they provided to her son in the months leading up to the murders he committed. The medical defendants filed preliminary objections seeking dismissal of the mother's amended complaint, which the trial court sustained in part and overruled in part. The parties filed petitions for permission to appeal from this order, which this Court granted. We consolidate these appeals for disposition under Pa.R.A.P. 513. We hold that the "no felony conviction recovery" rule articulated in **Holt v. Navarro**, 932 A.2d 915 (Pa. Super. 2007), precludes all of Mother's demands for monetary recovery. Thus, the trial court erred by failing to dismiss the amended complaint in its entirety.

On July 3, 2019, Sandra DiNardo ("Mother") filed a writ of summons on behalf of Cosmo DiNardo ("Son") against (1) Christian Kohler, M.D., (2) Hospital of the University of Pennsylvania, (3) University of Pennsylvania Health System, and (4) Trustees of the University of Pennsylvania (collectively "the Medical Defendants"). Subsequently, Mother filed a complaint, and then an amended complaint, asserting that Son committed four murders between July 5, 2017 and July 7, 2017 due to the Medical Defendants' negligent psychiatric care from December 2016 onward.

The amended complaint admits that Son pled guilty to committing four murders, Amended Complaint at ¶ 68, "confessed to killing the four men," *id.* at ¶ 108, and "will spend the remainder of his life in state prison." *Id.* at

- 2 -

¶ 202(d). The four victims' families have filed civil actions against Son that are awaiting disposition. *Id.* at ¶¶ 109-113.

The first two counts of the amended complaint allege that all defendants are liable for "indemnification" and "gross negligence—emotional and physical pain." The count for indemnification seeks recovery for (1) attorney fees and litigation costs associated with defense of the criminal prosecution and civil actions brought by estates of individuals whom Son pleaded guilty to killing, and (2) money that Son pays to the decedents' estates in the civil actions against him. The count for gross negligence alleges that as a "direct and proximate result of [the Medical Defendants'] gross negligence," Son sustained the following damages:

> a. Severe emotional distress and physical pain from living with the knowledge that he murdered four individuals while in an otherwise treatable psychopathologic state;
>
> b. Severe emotional distress and physical pain knowing his family's businesses suffered irreparable harm due to his actions while in a psychotic state;
>
> c. Severe emotional distress and physical pain knowing his family will bear the costs of litigation and judgment due to the murders committed while in a psychotic state;
>
> d. Severe emotional distress and physical pain knowing he will spend the remainder of his life in state prison.

Amended Complaint at ¶ 202. We will refer to these alleged damages as "compensatory damages."

The third and final count of the amended complaint is against only one defendant, the Trustees of the University of Pennsylvania, and alleges that the Trustees were liable for "the damages described in this complaint," *id.* at ¶ 226, that is, compensatory damages and indemnification.[1]

The Medical Defendants filed preliminary objections in the nature of demurrers to the amended complaint, arguing that liability was unavailable under Pennsylvania's "no felony conviction recovery" rule. The Medical Defendants asserted that Son pled guilty to all four murders in the Court of Common Pleas of Bucks County. In addition, the Medical Defendants added a detail that the amended complaint did not mention, *i.e.*, Son was convicted of four counts of first-degree murder. *See* Medical Defendants' Preliminary Objections, Introductory Statement at ¶¶ 4, 8-9 & n.1. Attached as an exhibit to the preliminary objections was the transcript from Son's guilty plea and sentencing hearing ("Transcript").

Mother filed preliminary objections to the Medical Defendants' preliminary objections. Therein, Mother requested that the trial court strike the Transcript, because it was not attached to the Amended Complaint and the court could only consider matters arising out of the complaint. Mother's Preliminary Objections to Medical Defendants' Preliminary Objections at ¶¶ 9, 11. Mother also asked the court to strike paragraphs 3, 4, 9-12 and 17 of

---

[1] The amended complaint does not seek punitive damages.

the Medical Defendants' preliminary objections on the ground that they "rel[ied] solely on the [Transcript]." *Id.* at ¶ 13. Mother did not, however, ask the court to strike multiple paragraphs in the Medical Defendants' preliminary objections—such as the Introductory Statement and paragraphs 15, 33 and 34—which stated that Son had been convicted of first-degree murder.

In an opinion and order entered on July 20, 2020, the trial court took judicial notice of the fact that Son was convicted of first-degree murder, noting that "we may take judicial notice of prior court proceedings referenced in [the amended] complaint." Trial Court Opinion, 12/28/20, at 2 n.2 (citing *Joyce v. Erie Ins. Co.*, 74 A.3d 157, 163 (Pa. Super. 2013)).

The trial court sustained in part Mother's preliminary objections by striking the Transcript as well as paragraphs 11 and 12 of the Medical Defendants' preliminary objections.[2] In the same order, the trial court sustained the Medical Defendants' demurrers to Mother's demands for indemnification and attorney fees but overruled their demurrer to Mother's demand for compensatory damages. The court reasoned that the right to indemnification and attorney fees "rests with a party who without active fault on his own has been compelled, by reason of some legal obligation, to

---

[2] None of the parties challenge this portion of the trial court's order in these appeals.

pay damages occasioned by the legal negligence of another, and for which he is only secondarily liable." Trial Court Opinion, 12/28/20, at 6 (citing *Vattimo v. Bucks County Hospital*, 465 A.2d 1231 (Pa. 1983)). Son's guilty plea, the court stated, demonstrated his "active part in the events which resulted in injury," *id.* at 7, thus precluding Mother's claim for indemnification and attorney fees. On the other hand, the court declined to dismiss Mother's claim for compensatory damages by drawing a distinction between this claim and Mother's claims for indemnification and attorney fees. Mother's claims for indemnification and attorney fees were "injuries directly caused by [Son's] criminal acts that are not recoverable under Pennsylvania law," *id.* at 10, but Mother's claim for compensatory damages "[were] not directly attributable to [Son's] criminal convictions, but instead may have been caused directly (or indirectly) by [the Medical Defendants'] negligence . . ." *Id.* at 10-11.

The Medical Defendants filed a motion for partial reconsideration of this order, and Mother filed a response. On August 4, 2020, the court denied reconsideration but granted the alternative relief requested, *i.e.*, amendment of the order to certify this case for immediate appeal. Both Mother and the Medical Defendants filed petitions for allowance of interlocutory appeal with this Court. On October 26, 2020, this Court granted both petitions and docketed the appeals at the above-captioned

numbers. All parties and the trial court complied with Pa.R.A.P. 1925. We now consolidate these appeals for purposes of disposition.

The Medical Defendants raise a single issue in their appeal:

Whether the Trial Court erred in overruling [the Medical] Defendants' Preliminary Objections to [Mother's] Amended Complaint seeking dismissal of all claims for damages related to alleged emotional distress, pain and other personal injuries, where [Mother's] alleged damages are the collateral consequences of admitted criminal conduct and felony convictions based on the facts as pleaded in [Mother's] Amended Complaint?

Medical Defendants' Brief at 6.

Mother raises two issues in her appeal:

1. Did the Trial Court err in sustaining preliminary objections to [Son's] legal process damages in a suit where patient engaged in criminal conduct, without active fault, because [his] psychiatrist's gross negligence caused him to devolve into violent, homicidal psychosis?

2. Did the Trial Court err by failing to accept as true [Mother's] averments that [Son] was not at active fault when ruling on a demurrer?

Mother's Brief at 6.

In their lone argument, the Medical Defendants contend that the trial court erred in overruling their preliminary objection seeking dismissal of all claims for compensatory damages. The Medical Defendants argue that Mother is barred from recovery under Pennsylvania's felony rule, which precludes convicted felons from collecting damages that would not have resulted absent the criminal conviction. We agree with the Medical Defendants.

This Court reviews an order sustaining or overruling preliminary objections for an error of law, and in so doing, it must apply the same standard as the trial court. **Richmond v. McHale**, 35 A.3d 779, 783 (Pa. Super. 2012). Preliminary objections in the nature of a demurrer

> test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Id.*

Like the trial court, we take judicial notice of a fact not expressly mentioned in the amended complaint, Appellant's conviction for first-degree murders. This Court has held that "we may take judicial notice of prior court proceedings referenced in [the amended] complaint." **Joyce**, 74 A.3d at 163. The amended complaint repeatedly refers to Son's criminal proceedings, and implicitly acknowledges that Son was convicted of four murders, by averring that Son pled guilty to committing four murders, "confessed to killing the four men" and "will spend the remainder of his life in state prison." Amended Complaint at ¶¶ 68, 108, 202(d). Accordingly,

we find it proper to take explicit judicial notice of the disposition of these proceedings, Son's conviction for four first-degree murders.[3]

The "no felony conviction recovery" rule enunciated in **Holt v. Navarro**, 932 A.2d 915 (Pa. Super. 2007), "applies to discourage courts from assisting convicted felons in collecting damages that would not have occurred absent the criminal conviction." **Id.** at 920 (citing, *inter alia*, **Mineo v. Eureka Sec. Fire & Marine Ins. Co.**, 125 A.2d 612 (Pa. Super. 1956)). **Holt** explains that this rule is a "common law principle that a person should not be permitted to benefit by his own wrongdoing, particularly his own crimes, [and it] prevents a plaintiff from recovering losses which flowed from those criminal acts." **Id.**

In **Holt**, the appellee was committed to a hospital for mental health evaluation after experiencing schizophrenic episodes. While en route to a psychiatric facility, he escaped from an ambulance and carjacked a vehicle, striking the vehicle owner in the process. The appellee was convicted of robbery and simple assault. He brought a civil action against the ambulance service for negligently transporting him and failing to restrain him, thus

---

[3] We also note that in her appellate briefs, Mother does not raise any objection to (1) the trial court's decision to take judicial notice of Son's convictions, or (2) the Medical Defendants' statements in their preliminary objections below and their appellate briefs that Son stands convicted of first-degree murders.

enabling him to flee the vehicle when the doors were opened. He sought damages

> for loss of potential earnings, claiming he was no longer able to pursue or sustain desired employment opportunities due to his criminal convictions. Appellee alleged Appellant was negligent in transporting Appellee and, but for Appellant's negligence, Appellee would not have committed criminal acts and suffered a diminished earning capacity as a result of his criminal convictions.

*Id.* at 923. The appellee obtained a verdict of $350,000. On appeal, this Court reversed and held that Pennsylvania's "no felony conviction recovery rule" required entry of judgment n.o.v. in favor of the appellant.

> Under the "no felony conviction recovery" rule, the law precludes Appellee from benefiting in a civil suit flowing from his criminal convictions. Appellee's convictions for robbery, a second degree felony, and simple assault, a second degree misdemeanor, are serious criminal offenses. We hold that, as a matter of law, Appellant cannot be liable for the collateral consequences of Appellee's criminal convictions.

*Id.*

In *Mineo*, two restaurant owners were convicted of burning down their restaurant. Shortly before the fire, the owners had purchased four insurance policies on the restaurant. After their arrest, they assigned their rights under the policies to a third party. The third party initiated an action against the insurance companies to recover damages caused by the owners' arson. Following trial, a jury returned a verdict in the third party's favor. On appeal, this Court addressed whether an assignee of an insured can recover for damages caused by a fire that the insured was criminally

- 10 -

convicted of setting. We concluded that "[t]he assignee in an assignment of a fire insurance policy made subsequent to a fire stands in the identical position of the insured and his rights cannot rise above the insured." *Id.*, 125 A.2d at 614. We reasoned that it violates public policy to permit a person convicted of a serious crime to collect damages that would not have occurred absent the criminal conviction.

> The insureds have had their day in court with the opportunity to produce their witnesses, to examine and cross examine witnesses and to appeal from the judgment and to be acquitted unless the evidence established their guilt beyond a reasonable doubt.

> To now permit them to recover for the loss which they have been convicted of fraudulently causing would be against public policy. It would tend to destroy the confidence of the public in the efficiency of the courts; it would stir up litigation that would reopen tried issues; it would impress the public with the belief that the results of trials of the gravest nature were so uncertain that the innocent could not escape condemnation; and it would convince the public that the courts themselves have no confidence in the judicial processes. We are of the opinion that when one is convicted of a felony and subsequently attempts to benefit from the commission, the record of his guilt should be a bar to his recovery.

*Id.* at 617–18. Consequently, we reversed the judgment in favor of the third party and granted the insurance companies' motions for judgment n.o.v. *Id.* at 618.

Based on our review of the amended complaint in the light most favorable to Mother, along with Son's convictions for first-degree murder, we hold that the amended complaint fails to state a valid claim for compensatory damages pursuant to the "no felony conviction recovery" rule.

- 11 -

The amended complaint alleges that Son seeks recovery for emotional distress and pain because (1) he murdered four men; (2) his family's business suffered harm because of the murders he committed; (3) his family has and will incur litigation and other costs because of the murders he committed; and (4) he will be imprisoned for the rest of his life. Amended Complaint at ¶ 202. Through this allegation, the amended complaint expressly links Son's compensatory damages to murders for which he has been convicted and sentenced. Under the "no felony conviction recovery" rule articulated in **Holt** and **Mineo**, these alleged damages are not actionable because they flow from his own criminal conduct for which he has been convicted. It is obvious that the "no felony conviction recovery" rule not only applies in cases of felonies but also in cases such as this, where the individual commits the even more heinous offense of murder.

Mother argues that the "no felony conviction recovery" rule does not apply because this rule only bars recovery when a party seeks to "profit" from his crime. Mother's Brief as Appellee, at 16. Son, Mother claims, is not seeking to "profit" from his crime but is only seeking "compensation" for his losses. **Id.** at 17. This argument is an exercise in semantics. Regardless of whether these alleged damages are labeled "compensation" or "profit," the critical point is that they flow from criminal conduct underlying Son's convictions for first-degree murder. As such, they are not recoverable under the "no felony conviction recovery" rule.

Relying on **Vattimo, supra**, and **Laskowski v. U.S. Department of Veterans Affairs**, 918 F.Supp.2d 301 (M.D. Pa. 2013), the trial court declined to dismiss Mother's claim for compensatory damages on the ground that they were not directly attributable to Son's convictions but might have been caused by the Medical Defendants' negligence. **Vattimo** and **Laskowski** are distinguishable from the present case.

In **Vattimo**, James Vattimo was admitted to a hospital's psychiatric ward after exhibiting bizarre behavior, including an abnormal fascination with fire, and he was diagnosed with paranoid schizophrenia. Vattimo started a fire in his hospital room that killed the other patient in the room. He was charged with murder and arson but was found not guilty by reason of insanity. His parents sued the hospital for negligence, and he was joined as an additional defendant. His parents requested damages for items similar to those demanded in the present case: legal expenses incurred in the defense of Vattimo's criminal prosecution and the civil action, indemnity for any judgment against Vattimo in the civil action, and damages for Vattimo's physical and emotional injuries. The trial court sustained the hospital's preliminary objections to the parents' complaint, but the Commonwealth Court reversed. Our Supreme Court affirmed in part and reversed in part. Justice Flaherty's plurality opinion announcing the judgment of the Court held that the parents could proceed with their claims to recover costs associated with Vattimo's medical and psychiatric care, as well as damages

asserted on his behalf for mental anguish, loss of employment and public humiliation. *Id.*, 465 A.2d at 1237-38. However, the Court precluded the claims for indemnity and recovery of legal defense costs.[4]

The difference between *Vattimo* and the present case is that James Vattimo was found not guilty by reason of insanity, whereas Son was convicted of four first-degree murders. Since there was no conviction in *Vattimo*, the "no felony conviction recovery" rule did not apply in that case. Here, however, the "no felony conviction recovery" rule clearly does apply due to Son's murder convictions.

In *Laskowski*, the plaintiff, a veteran, brought an action under the Federal Tort Claims Act alleging that the Department of Veteran Affairs committed professional negligence in treating him for post-traumatic stress disorder ("PTSD"). The plaintiff had been honorably discharged, but several months later, he was arrested for burglary after breaking into a pharmacy and stealing drugs. Subsequently, the plaintiff entered ARD and the court dismissed all charges against him. Thus, as in *Vattimo*, but unlike the present case, there was no criminal conviction.

---

[4] Judge Hutchinson filed an opinion that Justice Flaherty joined, and Chief Justice Roberts filed a concurring opinion. Justices Nix (joined by Justice McDermott), Larsen and Zappala filed separate opinions concurring in part and dissenting in part. Five of the seven justices agreed that the parents could not seek damages for indemnity and defense costs in the criminal and civil actions, while five of the seven justices agreed that claims for compensatory damages should not have been dismissed via preliminary objections.

- 14 -

For these reasons, **Vattimo** and **Laskowski** are inapposite, the "no felony conviction rule" articulated in **Holt** and **Mineo** governs this case, and the amended complaint's demand for compensatory damages fails as a matter of law. We therefore find in favor of the Medical Defendants on the sole argument in their appeal.

We next address the first argument in Mother's appeal, a claim that the trial court erred in sustaining the Medical Defendants' preliminary objections to Mother's claim for indemnification, which the amended complaint defines as payment of judgments to the victims' estates and payment of fees to counsel for representation in Son's criminal and civil cases. We reach the same result as the trial court but for a different reason.

The trial court opined that **Vattimo** precluded Mother's claims for indemnification:

> The Supreme Court acknowledged [in **Vattimo**] that the rationale of imposing vicarious liability under Section 914(2), which is to promote safety and avoid accidents, would seem to apply in **Vattimo** where a hospital arguably stands in the shoes of an employer who has assumed control and "should and could have prevented" the resulting injury. Nevertheless, the Supreme Court concluded that "decided" Pennsylvania case law provides no authority for indemnity recovery under the circumstances present in **Vattimo**. The right to indemnity rests with a party who "without active fault on his own part has been compelled, by reasons of some legal obligation, to pay damages occasioned by the initial negligence of another, and for which he himself is only secondarily liable." **Id.** at 1236[.] Because the Complaint admitted that Mr. Vattimo despite being found not guilty played an active "part" in the events which resulted in injury, the Supreme Court determined that he could not recover damages occasioned by the legal process, whether civil or criminal. **Id.**

- 15 -

Here, in contrast, [Son] admits that he pleaded guilty to murder and he participated in the events which resulted in the four homicides—thus playing even more of an active "part" than Mr. Vattimo did in causing injury. We therefore find no basis upon which we can legally distinguish **Vattimo**. If Mr. Vattimo, a person found to be not guilty by reason of insanity, has no right to recover on a claim for indemnification for legal process damages related to the conduct that formed the basis of the criminal proceedings, then [Son]—who pleaded guilty and was convicted of murder—is certainly not entitled to recover attorneys' fees or indemnification for other damages related to the civil or criminal legal process. Moreover, [Son's] guilty plea establishes his "active part in the events which resulted in injury" despite the Amended Complaint's pleadings to the contrary. **Id.** at 1236[.]

Trial Court Opinion, 12/28/20, at 6-7.

In our view, the "no felony conviction recovery rule," instead of **Vattimo**, furnishes the proper basis for affirming the dismissal of Mother's claims for indemnification.[5] **Vattimo**'s bar against indemnification applies when an individual is not convicted of a felony yet plays an active part in causing injury. **Vattimo** does not extend to cases, however, in which the individual is actually convicted of a felony (or worse). In such cases, the "no felony conviction recovery rule" is the correct basis for denying indemnification, because this rule precludes individuals convicted of felonies (or worse) from recovering all "losses" flowing from their criminal acts. **Holt**, 932 A.2d at 920. While the losses held non-recoverable in **Holt** were

---

[5] **See Commonwealth v. Reid**, 259 A.3d 395, 406 (Pa. 2021) (appellate court may affirm valid order for any reason).

- 16 -

compensatory damages, this rule applies with equal force to other "losses" that "flow[] from [the individual's] criminal acts," *id.*, such as indemnification. Mother seeks indemnification for losses caused by her payments to the victims' estates[6] or to attorneys for representing Son in criminal and civil actions. Because these losses flow from Son's criminal acts that gave rise to his criminal convictions, Mother's claim for indemnification meets the same fate under the "no felony conviction recovery rule" as her claim for compensatory damages—no recovery is available as a matter of law.

Accordingly, we affirm the portion of the order sustaining the Medical Defendants' demurrers to Mother's claims for indemnification and attorney fees, and we reverse the portion of the order overruling the Medical Defendants' demurrer to Mother's claims for compensatory damages. The combined effect of these decisions is to compel dismissal of the amended complaint in its entirety due to Mother's failure to state a valid claim for any type of monetary relief.[7]

Order affirmed in part and reversed in part. Amended complaint dismissed in its entirety. Jurisdiction relinquished.

---

[6] At present, we are unaware whether any payments to the victims' estates have taken place.

[7] As a result, we need not address Mother's second argument, a claim that the trial court erred by failing to accept the averment in the amended complaint that Son was not actively at fault.

Judge Musmanno did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/26/2022