J-A25004-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| RONALD BROGNA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| LEHIGH VALLEY HEALTH NETWORK | : | No. 488 EDA 2025 |

Appeal from the Order Entered February 6, 2025
In the Court of Common Pleas of Lehigh County Civil Division at No(s):
2024-C-2993

BEFORE:   LAZARUS, P.J., BOWES, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY LAZARUS, P.J.:               **FILED JANUARY 29, 2026**

Ronald Brogna appeals from the order, entered in the Court of Common Pleas of Lehigh County, sustaining Appellee Lehigh Valley Health Network's ("LVHN") preliminary objections and dismissing his complaint with prejudice. After careful review, we vacate the order and remand for further proceedings consistent with this memorandum.

On October 28, 2023, Brogna filed a complaint under the Pennsylvania Human Relations Act ("PHRA"), alleging that LVHN, his former employer, illegally discriminated and retaliated against him because of his disability.[1] On April 18, 2024, LVHN filed preliminary objections based upon:  (i) lack of

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] *See Ronald Brogna v. Lehigh Valley Health Network*, No. 2023-C-3686 ("*Brogna I*") (Pa. Com. Pl. 2023).

jurisdiction due to improper service and Brogna's failure to exhaust administrative remedies;[2] (ii) insufficient specificity; and (iii) legal insufficiency.[3] **See** Preliminary Objections, 4/18/24, at 2-8. On May 9, 2024, the trial court dismissed Brogna's complaint. The dismissal order stated: "**AND NOW**, this 9[th] day of May, 2024, upon consideration [of] *Defendant's Preliminary Objections to Plaintiff's Complaint* filed on April 18, 2024, and the lack of response from Plaintiff, it is hereby **ORDERED** that the objections are **SUSTAINED** and this action is **DISMISSED**." Order, 5/9/24 (emphasis and italics in original). The trial court did not issue a memorandum in support of the dismissal order, and Brogna did not appeal from the dismissal order.

On July 17, 2024, Brogna filed a petition to open the matter and respond out of time. On August 20, 2024, the trial court denied the petition. Brogna did not file a motion to reconsider or appeal the August 20, 2024 dismissal order.

_____

[2] LVHN's lack of jurisdiction claims are within Count I of its preliminary objections. Count I of LVHN's preliminary objections is titled "Preliminary Objection Based Upon Legal Insufficiency" and includes case law regarding the standard for sustaining a demurrer and dismissing a cause of action based upon legal insufficiency. However, the objection does not contain any explanation as to how Brogna's disability discrimination and retaliation claims were legally insufficient. We note that legal insufficiency and lack of jurisdiction are separate grounds for filing preliminary objections. **See** Pa.R.C.P. 1028(a)(1), (4).

[3] Count III, also titled "Preliminary Objection Based Upon Legal Insufficiency" claimed that Brogna's "demand for jury trial and requests for punitive damages . . . are unfounded as a matter of law and must be stricken[,]" because the PHRA does not provide for jury trials and punitive damages. Preliminary Objections, 4/18/24, at 7-8.

On September 17, 2024, Brogna initiated this matter ("***Brogna II***") by filing a complaint against LVHN in the trial court that was almost identical to his complaint in ***Brogna I***.[4]  On October 28, 2024, LVHN filed preliminary objections, which included a demurrer claiming Brogna's complaint was barred by the doctrine of *res judicata*.  Brogna filed a response in opposition to LVHN's preliminary objections on November 12, 2024.  On February 6, 2025, the trial court granted LVHN's preliminary objections and dismissed Brogna's complaint with prejudice on the basis that it was barred by *res judicata*.[5]  On February 12, 2025, Brogna filed a timely notice of appeal, and both he and the trial court have complied with Pa.R.A.P. 1925.  Brogna raises the following questions for our review:

1. Whether the [t]rial [c]ourt erred in [] sustaining preliminary objections in favor of [LVHN?]

2. Whether the [t]rial [c]ourt erred [in finding] that [Brogna]'s claims were subject to *res judicata* where the [] claims were never adjudicated on the merits[?]

Appellant's Brief, at 5.[6]

Brogna argues that the trial court erred in applying *res judicata* to his claims because the trial court never considered them "on the merits" in

---

[4] Neither party addresses the statute of limitations, and the record is not clear enough for us to consider it, either.  Therefore, we do not address it.

[5] We note that ***Brogna II*** was before a different jurist than ***Brogna I***.

[6] While Brogna raises two questions, his brief's argument section does not distinguish between them.  ***See id.*** at 18-20.  As such, we shall treat them as one issue.

*Brogna I*. Appellant's Brief, at 19-20 (citing *Robinson v. Fye*, 192 A.3d 1225, 1231 (Pa. Cmwlth. 2018) ("When *res judicata* applies, '[a]ny final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action.'") (citation omitted)). Specifically, Brogna asserts that, because his claims in *Brogna I* were dismissed on procedural grounds and there was no "adjudication on the merits of his claims," the doctrine of *res judicata* does not apply. Appellant's Brief, at 20.

We review an order sustaining or overruling preliminary objections for an error of law and, in doing so, must apply the same standard as the trial court. *Dinardo v. Kohler*, 270 A.3d 1201, 1205 (Pa. Super. 2022). Preliminary objections in the nature of a demurrer

> test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Id.* (citing *Richmond v. McHale*, 35 A.3d 779, 783 (Pa. Super. 2012)).

Moreover, application of the doctrine of *res judicata* presents a question of law, over which our standard of review is *de novo* and our scope of review is plenary. *Moyer v. Shaffer*, 305 A.3d 1064, 1067 (Pa. Super. 2023). Our Supreme Court has explained that:

[*r*]es *judicata*, or claim preclusion, prohibits parties involved in prior, concluded litigation from subsequently asserting claims in a later action that were raised, or could have been raised, in the previous adjudication. The doctrine of *res judicata* developed to shield parties from the burden of re-litigating a claim with the same parties, or a party in privity with the original litigant, and to protect the judiciary from the corresponding inefficiency and confusion that re-litigation of a claim would breed.

*In re Coatesville Area School District*, 244 A.3d 373, 378 (Pa. 2021) (citations omitted). For *res judicata* to apply, the "four identities" must be present: (i) identity of issues; (ii) identity of causes of action; (iii) identity of persons and parties to the action; and (iv) identity of the quality or capacity of the parties suing or being sued. *Id.* at 379. Further,

[u]nder both federal and Pennsylvania law, a central hallmark of the preclusion doctrine is that a prior judgment may bar relitigation only of a claim that has been decided "on the merits." *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 n.5 [] (1979) ("[u]nder the doctrine of *res judicata*, a judgment on the merits in a prior suit bars a second suit []"); *Mariner Chestnut Partners, L.P. v. Lenfest*, 152 A.3d 265, 286 (Pa. Super. 2016) ("[u]nder the doctrine of *res judicata*, or claim preclusion, a final judgment on the merits by a court of competent jurisdiction will bar any future action on the same cause of action []") (quotation marks omitted). For *res judicata* purposes, a judgment on the merits "is one that actually 'pass[es] directly on the substance of [a particular] claim' before the court." *Semtek* [*Int'l Inc. v. Lockheed Martin Corp.*], 531 U.S. [479] at 501-02 [(2001)] (interpolation in original; quoted citation omitted). This has been the law of Pennsylvania for more than a century. *See Weigley v. Coffman*, [] 22 A. 919, 921 ([Pa.] 1891). Accordingly, we have emphasized that *res judicata* "cannot be applied" to any judgment that does not render a final substantive decision on a claim. *See Consolidation Coal Co. v. District 5, United Mine Workers*, [] 485 A.2d 1118, 1122 ([Pa. Super.] 1984) (because preliminary injunction is a temporary remedy, it is not a final judgment on the merits and cannot serve as a basis for *res judicata*).

*Weinar v. Lex*, 176 A.3d 907, 915-16 (Pa. Super. 2017) (footnote omitted).

- 5 -

Succinctly put, for *res judicata* to apply, the trial court must have "passed directly on the substance of the claim" in the prior litigation. ***U.S. Bank Nat'l Ass'n v. Davis***, 232 A.3d 952, 955 (Pa. Super. 2020) (holding that prior ruling on procedural grounds was not "on the merits" and therefore not preclusive); ***see also Khalil v. Williams***, 244 A.3d 830, 843-44 (Pa. Super. 2021) (claim included in post-trial motion in prior case was not addressed on merits and, therefore, not precluded in subsequent case).

In its Rule 1925(a) opinion, the trial court now maintains that, by sustaining the preliminary objections in ***Brogna I***, the trial court had "determined that Brogna failed to state claims upon which relief could be granted, or [] that the asserted claims were legally insufficient on their alleged merits." Trial Court Opinion, 4/10/25, at 4. The trial court considers ***Catanese v. Taormina***, 263 A.2d 372 (Pa. 1970), to be instructive:

> In ***Catanese***, the Pennsylvania Supreme Court held the trial court order sustaining preliminary objections in the nature of a demurrer and dismissing the complaint was an appealable final order and should have been the subject of a timely appeal. ***Id.*** at 373. The Court then determined that a subsequently filed amended complaint[,] which merely restated the causes of action dismissed in the original complaint, was properly dismissed on *res judicata* grounds. "When the period during which an appeal could have been filed expired[,] the doctrine of *res judicata* became applicable to the cause of action the complaint attempted to state." ***Id.*** at 374.

Trial Court Opinion, 4/10/25, at 4-5 (footnote omitted). Thus, the trial court concludes that, because the cases "relate to the same facts, the same parties[] in the same capacity, and assert the same causes of action," and

because the trial court had determined the claims raised in **_Brogna I_** were claims upon which no relief could be granted, rendering the adverse decision there "final, on the merits, and [preclusive of] relitigation[,]" Brogna's claims here are "barred by _res judicata_." **_Id._** at 6.

We disagree with the trial court's account of **_Brogna I_**. As noted above, when the trial court granted LVHN's preliminary objections in **_Brogna I_**, it did not provide a rationale or state which of the grounds LVHN raised that it relied upon to dismiss Brogna's complaint. **_See_** Order, 5/9/24 (stating only "upon consideration [of] _Defendant's Preliminary Objections to Plaintiff's Complaint_ filed on April 18, 2024, and the lack of response from Plaintiff, it is hereby **ORDERED** that the objections are **SUSTAINED** and this action is **DISMISSED**.") (emphasis and italics in original). Further, while LVHN labeled Count I of its preliminary objections as a "Preliminary Objection Based Upon Legal Insufficiency" and cited the legal standard for sustaining a demurer, the ensuing paragraphs did not allege how Brogna's claims for discrimination and retaliation were legally insufficient. **_See_** Preliminary Objections, 4/18/24, at 2-5. Instead, Count I alleged a lack of jurisdiction. **_See id._** at 2-5. Count III, also titled "Preliminary Objection Based Upon Legal Sufficiency[,]" dealt with Brogna's request for a jury trial and punitive damages. **_See id._** at 7-8. The requested remedy for Count III was for the trial court to "strike [Brogna's] demand for [a] jury trial and requests for punitive damages from the Complaint." **_Id._** at 8.

Based on the foregoing, LVHN did not actually aver, outside of its headings, that Brogna's pleaded claims were legally insufficient. Therefore, we cannot agree with the trial court that, in granting the preliminary objections in **Brogna I**, the trial court "sustain[ed] a demurrer" and "determined that Brogna failed to state claims upon which relief could be granted." Trial Court Opinion, 4/10/25, at 4. We feel particularly constrained to disagree with the trial court's assessment of **Brogna I** given that the judge then presiding did not issue any ruling or opinion at the time that explained the rationale for granting the preliminary objections and dismissing Brogna's complaint.[7] Based upon the foregoing, we do not find that LVHN demurred, or that the trial court could have properly sustained a demurrer based upon the preliminary objections in **Brogna I**.[8]

As delineated above, for *res judicata* to apply, Pennsylvania case law requires that the "initial action result in a final judgment **on the merits** before [the] doctrine can be applied to bar a second action raising similar claims or issues." **Moyer**, 305 A.3d at 1068 (original emphasis). In **Moyer**, the

---

[7] Additionally, in its dismissal order in **Brogna II**, the trial court described the actions in **Brogna I** not as sustaining a demurrer or determining that Brogna failed to state claims upon which relief could be granted, but instead only as "sustain[ing] [Brogna]'s preliminary objections and dismiss[ing] the action[.]" Order, 2/6/25, at 1 n.1 (unpaginated).

[8] We also note that "[t]here is no requirement in the [Pennsylvania] Rules of Civil Procedure that the non-moving party respond to a preliminary objection, nor must that party defend claims asserted in the complaint. Failure to respond does not sustain the moving party's objections by default, nor does it waive or abandon the claim." **Uniontown Newspapers, Inc. v. Roberts**, 839 A.2d 185, 190 (Pa. Super. 2003).

- 8 -

appellant filed a protection from abuse ("PFA") petition, which was ultimately dismissed when the appellant failed to appear at a scheduled hearing on the petition. *Id.* at 1066. The appellant then filed a second PFA petition, which included the same allegations of abuse averred in the first petition. *Id.* At a hearing on the second petition, the appellee made an oral motion to dismiss the petition because it averred identical allegations to the first petition. *Id.* The trial court accepted this argument and dismissed the appellant's petition with prejudice, concluding on the record that "in order to have a new petition filed[,] there has to be new allegations so that we are not continuing to reargue the same allegations over and over again[.]" *Id.* On appeal, this Court reversed, concluding that the trial court had erred because the "[a]ppellant's first PFA petition was not adjudicated on the merits." *Id.* at 1068. Therefore, we determined that *res judicata* did not apply to bar the appellant's second petition and, ultimately, that the trial court had committed reversible error for dismissing the second petition. *Id.*

Because the trial court was not presented with a demurrer in **Brogna I**, and, therefore, could not have ruled upon one, we consider **Moyer** analogous to the case before us. Brogna's first complaint in **Brogna I** did not result in a "final judgment on the merits." **See U.S. Bank Nat'l Ass'n**, 232 A.3d at 956 (concluding nonsuit in prior foreclosure action was not a decision on the merits); **Khalil**, 244 A.3d at 844 (*res judicata* not applicable where claim "was not actually litigated" in prior case). Therefore, the trial court erred when it

applied *res judicata* and granted LVHN's preliminary objections in the instant matter. [9]

The trial court's dismissal order in **Brogna II** held that LVHN's preliminary objections seeking to have the case dismissed based upon a failure to exhaust administrative remedies, to strike punitive damages, and to strike the request for a jury trial were moot in light of its application of *res judicata*. Order, 2/6/25, at 2 n.2.[10] Because we overrule the trial court's application of *res judicata*, on remand, the trial court is instructed to consider LVHN's remaining preliminary objections, *i.e.*, the objections based upon a failure to exhaust administrative remedies, the legal insufficiency of the requests for a jury trial and punitive damages, respectively, and the lack of specificity in

---

[9] Regarding the trial court's reliance on **Catanese**, because the trial court was not faced with a demurrer in **Brogna I**, **Catanese** is distinguishable. In **Catanese**, the trial court had sustained preliminary objections on the grounds of legal insufficiency in the first action between the parties. **Catanese**, 263 A.2d at 520-21. In a subsequent action, the trial court applied *res judicata* and granted preliminary objections to the appellant's complaint, which was nearly identical to the complaint appellant filed in the first action, and our Supreme Court affirmed the application of *res judicata*. **Id.** at 521-23. Because of the difference in procedural history, *i.e.*, the specified grounds upon which the preliminary objections were sustained in the first action, **Catanese** is not analogous or determinative here.

[10] In footnote 2 of its order, the trial court did not mention LVHN's preliminary objection based upon lack of specificity and the accompanying request for Brogna to file a more specific pleading as to Counts I and II of his Complaint. **See** Order, 2/6/26, at 2 n.2; **see also** Preliminary Objections, 10/28/24, at 10-12.

Brogna's pleading. Based upon the foregoing, we vacate the order and remand for further proceedings.[11]

Order vacated. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/29/2026

_____

[11] We note with displeasure Brogna's failure to timely respond to LVHN's preliminary objections in **Brogna I**, to update, materially alter, or improve upon his complaint in **Brogna II**, or to file a more responsive opposition brief to LVHN's preliminary objections in **Brogna II**. We also note with displeasure LVHN's failure to present the trial court in **Brogna I** or **II** with proper argument and analysis in support of a demurrer such that the respective trial courts could have considered the sufficiency of Brogna's pleadings as to his discrimination and/or retaliation claims. We are left to speculate how the proceedings may have gone differently had any of the foregoing occurred.

- 11 -